306 So.2d 200 (1975)
FLORIDA BEVERAGE CORPORATION, INC., et al., Appellants,
v.
Winston W. WYNNE, As Director of the Division of Beverage, a Division of the Department of Business Regulation of the State of Florida, Appellee.
No. U-368.
District Court of Appeal of Florida, First District.
January 14, 1975.
*201 W. Robert Olive, Jr., of Bryant, Dickens, Rumph, Franson & Miller, Tallahassee, for appellants.
J. Riley Davis and C.P. Brindell, Jerome M. Novey, of Novey & Blanton, Tallahassee, for appellee.
Robert M. Ervin and Thomas M. Ervin, Jr., of Ervin, Varn, Jacobs & Odom, Tallahassee, Emerson Allsworth, of Allsworth, Doumar & Schuler, Fort Lauderdale, for amicus curiae.
LEE, THOMAS E., Associate Judge.
Appellant, Liquor Dealers and Distributors, plaintiffs below, seek review of an adverse summary final judgment rendered in favor of appellee, defendant below, Director of the Division of Beverage, a division of the Department of Business Regulation of the State of Florida. The Independent Beverage Dealers were allowed to intervene as an interested party appellee.
Appellant's complaint sought a judgment declaring Rule 7A-4.50, Rules of the Division of Beverage, "unconstitutional, invalid, and of no force and effect."
The subject rule, which was adopted by the Division of Beverage on October 29, 1973, and filed with the State of Florida, Department of State, for inclusion in the Florida Administrative Code, provides:
7A-4.50 Cooperative or pool buying by vendors.
Anything to the contrary in these rules notwithstanding the following shall apply in all cases where two or more licensed vendors pool their purchases for spirituous beverages from a distributor:
1. Any agreement between vendors to "pool" buy shall be in writing, filed with the Division of Beverage, and shall designate one of the vendors as the agent of the others for the purpose of such "cooperative" purchase.
2. All orders for pool purchases from a distributor shall be placed by the agent designated in Section 1, and payment for that other, whether by single or multiple checks, shall be made by such agent.
3. A distributor shall follow invoice, record keeping and delivery procedures which are in compliance with Rules 7A-4.12, 7A-4.30, 7A-4.31 and 7A-4.43 when receiving orders, selling and deliverying to "cooperative buying" vendors, in like manner as chain retail vendors.

*202 4. For the purpose of Rules 7A-1.11 and 7A-4.31 "pool" buying through a designated agent is a single transaction.
Here as in the trial court Appellants contend that Rule 7A-4.50, supra, is invalid and unenforceable because: it transcends the bounds of the various sections of Chapter 561, Florida Statutes, sought to be implemented; and its enforcement would do irreparable harm to Appellants. The trial court rejected these contentions and rendered the Summary Final Judgment appealed. We affirm.
The springboard that launched the specific Rule under attack, Rule 7A-4.50, supra, was the passage of Chapter 72-272, Laws of Florida, 1972, which amended Section 561.14(3), Florida Statutes, to allow a "vendor" to purchase or acquire alcoholic beverages from any other "vendor". Prior to this Amendment a vendor could only purchase or acquire such beverages for the purpose of resale from a licensed distributor or manufacturer. The obvious intention and purpose of the Amendment was to place all vendors and distributors on an equal footing.
Section 561.01(10), Florida Statutes, provides, in pertinent part, that "the same discounts shall be offered to all vendors buying similar quantities". The obvious purpose of Rule 7A-4.50 is to effectuate the intention and purpose of the legislature in amending 561.14(3), supra, by allowing small vendors to "pool purchase" large quantities at the same price made available to large vendors and distributors.
Section 561.11(1) Florida Statutes, provides:
"(1) The Division shall have full power and authority to make, adopt, amend, or repeal rules, regulations, or administrative orders to carry out the purposes of the beverage law. All such rules, regulations, or order adopted in accordance with chapter 120 shall have the full force and effect of law. The rules of the division in effect on the effective date of this Act are specifically exempt from the requirements of this subsection."
* * * * * *
It is well established in Florida that the Legislature, having enacted a Statute complete in itself which declares a legislative policy or standard and operates to limit the power delegated, may authorize an administrative agency to prescribe rules and regulations for its administration. It is equally well settled that the Legislature may expressly authorize designated public officials to provide rules and regulations for the complete operation and enforcement of a law or laws within their expressed general purposes. Such authority to make rules and regulations is not an impairment of the doctrine of non-delegation of powers. See 1 Fla.Jur., Administrative Law, Section 42, and numerous cases cited there-at. Where the empowering provision of a statute states simply that an agency may "make such rules and regulations as may be necessary to carry out the provisions of this Act", the validity of regulations promulgated thereunder will be sustained so long as they are reasonably related to the purposes of the enabling legislation, and are not arbitrary or capricious. Mourning v. Family Publications Service (1972) 411 U.S. 356, 369, 93 S.Ct. 1652, 36 L.Ed.2d 318, 329-330; Florida Citrus Commission v. Golden Gift, Fla. 1956, 91 So.2d 657; State ex rel. Paoli v. Baldwin, 1947, 159 Fla. 165, 31 So.2d 627; State ex rel. Burr v. Jacksonville Terminal Co., 1925, 90 Fla. 721, 106 So. 576.
Applying the legal principles delineated above to the record in the case at bar, we find that the challenged rule is neither arbitrary nor capricious, and bears a reasonable relationship to the purposes intended by the Legislature when it amended Section 561.14(3), supra. Further, the *203 record does not reflect that enforcement of the subject rule will result in injustice or irreparable injury to the Appellants for which they would have the right to legal redress. It follows that the trial court did not err in holding that Division of Beverage Rule 7A-4.50, supra, is legal and enforceable, and that its enforcement would not cause irreparable injury to the Appellants.
During the course of these proceedings, we relinquished jurisdiction to the trial court for the purpose of holding a hearing to determine whether "pool purchase plans" such as those authorized by the subject rule were initiated in practice prior to the promulgation of the rule, or whether interested persons or parties awaited the adoption of the rule before entering into "pool purchase plans". Evidentiary hearings were held by the trial court of February 13, 1974, and, thereafter, the trial judge found that "pool purchasing plans" existed and were put into actual practice in various sections of the state prior to the passage of Rule 7A-4.50". Although we hold that the trial court's finding in this regard is supported by competent, substantial evidence, we have concluded that the question of whether or not "pool purchase plans" existed prior to the adoption of the rule is legally inconsequential. This is true because as of the date of its amendment by Chapter 72-272, supra, Section 561.14(3), supra, in and of itself, constituted sufficient authority to adopt such pooling agreements. The subject rule merely provides for the method and means of working out the legislative intent.
For all of the foregoing reasons, the Summary Final Judgment appealed must be, and is hereby, affirmed.
JOHNSON, Acting C.J., and BOYER, J., concur.