375 So.2d 340 (1979)
The SCHOOL BOARD OF BROWARD COUNTY, Florida, Appellant,
v.
David L. and Geraldine GRAMITH, for Themselves and On Behalf of Their Minor Child, Kevin Scott Gramith, and Benjamin F. and Mary G. Carroll, for Themselves and On Behalf of Their Minor Child, Benjamin F. Carroll, III, Appellees.
No. LL-491.
District Court of Appeal of Florida, First District.
September 18, 1979.
Edward J. Marko, of Marko, Stephany, Lyons & Dow, Fort Lauderdale, for appellant.
Donald R. Hall, of Gustafson, Stephens, Ferris, Forman & Hall, Fort Lauderdale, for appellees.
ERVIN, Acting Chief Judge.
The Board appeals a hearing officer's determination in rule-challenge proceedings that its rule designating school boundaries for pupils in the north-central area of Broward County was invalid for the Board's failure to prepare an economic impact statement. We reverse.
In Department of HRS v. Delray Hospital Corp., 373 So.2d 75 (Fla. 1st DCA 1979), we reversed the Department's rule-amendment for such failure. There, however, the Department's rule was promulgated under Section 381.494, Florida Statutes (1977), which directs the department in at least four instances to consider long and shortterm economic consequences of its decisions under the section. See Section 381.494(3) and (5)c at (4), (8), (11) and (12).
Section 120.68(8) prescribes judicial review standards for all agency action. In White Advertising International v. DOT, 368 So.2d 411, 414 (Fla. 1st DCA 1979) (Ervin, J., sp. concurring and dissenting), it was stated that before an agency's action should be invalidated on the ground it violated some provision of the APA, the court should first determine, as required by Section *341 120.68(8), whether the fairness of the proceeding or the correctness of the action was found to be impaired. This harmless error test was applied also by the Second District Court of Appeal in Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979), on facts practically identical to those here, where the court held: "[I]n this particular rule-making action, which was limited to the setting of attendance zones, the failure to submit an economic impact statement was harmless error." Here, the boundary designations were promulgated under the Board's authority in Section 230.232, Florida Statutes (1977), which does not set forth economic factors for the Board's consideration. The hearing officer did not describe how the proceedings were impaired by the Board's failure to prepare the economic impact statement, and the appellees make no showing in this appeal.
We conclude that in the absence of such a showing, it was error to invalidate the Board's rule.
REVERSED.
BOOTH and LARRY G. SMITH, JJ., concur.