413 So.2d 1251 (1982)
FLORIDA COMMISSION ON HUMAN RELATIONS, Appellant,
v.
HUMAN DEVELOPMENT CENTER, Appellee.
No. AI-85.
District Court of Appeal of Florida, First District.
May 10, 1982.
Rehearing Denied June 2, 1982.
J. Worth Owen, Asst. Gen. Counsel, Florida Commission on Human Relations, Tallahassee, for appellant.
George L. Waas, of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellee.
John-Edward Alley and Robert D. Hall, Jr., of Alley & Alley, Tampa, for amicus curiae, Publix Super Markets, Inc.
WIGGINTON, Judge.
This appeal is from the final order of the Administrative Hearing Officer holding that appellant's Rules 9D-8.06, 9D-8.22(2), 9D-9.03(4) and 9D-9.03(7), Florida Administrative *1252 Code, constitute invalid exercises of delegated legislative authority insofar as they authorize issuance, service, and enforcement of subpoenas in connection with agency investigations.
Appellant, Florida Commission on Human Relations, is the administrative agency whose function it is to promote and encourage fair treatment and equal opportunity for all persons regardless of race, color, religion, sex, national origin, age, handicap, or marital status, pursuant to the Human Rights Act of 1977, Ch. 23, Part IX, Florida Statutes (1977). In carrying out that function, it is charged with the responsibility of investigating and adjudicating claims of employment discrimination. The Human Development Center is a corporate body existing under the laws of Florida with its business located in Tampa. Publix Super Markets, Inc. was granted participation as amicus curiae due to a similar case pending in the Second Judicial Circuit, Florida Commission on Human Relations v. Publix SuperMarkets, Inc., Leon County Civil Action No. 81-780, wherein after considering an identical issue the circuit judge sustained the Commission's statutory authority pursuant to Section 23.166(5) and (7), Florida Statutes (1981), to issue investigatory subpoenas and to delegate such authority to its executive director. Publix sought certiorari review from this Court which was denied after consideration of the petition on its merits. Publix Supermarkets, Inc. v. Florida Commission on Human Relations, Case No. AF-326, Fla. 1st DCA (Order entered Sept. 10, 1981).
The issue to be determined is whether the Commission has the requisite legislative authority to support the promulgation of the several Florida Administrative Code rules as relates to the issuance of subpoenas for investigations being carried out by the Commission.
This controversy came about following the filing of a complaint against the Center by an employee alleging sex discrimination. Based upon the complaint and pursuant to Section 23.166(5), Florida Statutes (1979), and Rule 9D-9.03, the Commission's executive director commenced an investigation into the allegations by formally requesting information from the Center on July 13, 1979. The Center failed to furnish the information sought and on April 7, 1981, the executive director of the Commission issued a subpoena and served it by registered mail in accordance with its rules. The Center acknowledged receipt of the subpoena by certified mail, but has refused to comply. The Center sought protection from the subpoena by filing a petition for review of non-final administrative action with this Court, which was denied. The Commission, in the meantime, sought enforcement of its subpoena in the Leon County Circuit Court, Case No. 81-1248. The lower court ruled that the Commission's service of the investigatory subpoena by certified mail was valid service. That order was appealed to this Court and dismissed. Human Development Center v. Commission on Human Relations, Case No. AH-207 (Fla. 1st DCA Jan. 27, 1982).
Before the trial court made any final ruling, the Center filed with the Division of Administrative Hearings a petition for the determination of the invalidity of an existing rule in which the above-cited rules were challenged. The hearing officer in his final order concluded that the challenged rules constituted an invalid exercise of delegated legislative authority insofar as they authorized issuance, service, and enforcement of investigative subpoenas.
The Center and Publix do not challenge the authority of the Commission in the issuance of subpoenas for evidence pertaining to any convened hearing. They only contest the issuance of subpoenas to compel the production of evidence required by the Commission in an ongoing investigation after a complaint has been filed but prior to a hearing being convened.
The Commission derives its authority to promulgate rules from Section 23.166, Florida Statutes (1979). The law implemented by Rules 9D-8.06, 9D-8.22(2), 9D-9.03(4), and 9.03(7) is found in Sections 23.166 and 23.167, Florida Statutes (1979). The four subparagraphs contended to be the basis for issuance of subpoenas in connection with the Commission's investigations are provided in pertinent part as follows:

*1253 Section 23.166 Powers of the Commission.  Within the limitations provided by law, the Commission shall have the following powers:
* * * * * *
(5) To receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice, as defined by this part.
* * * * * *
(7) To administer oaths, subpoena witnesses, and compel production of evidence pertaining to any hearing convened pursuant to subsection (5). The authority granted by this subsection may be delegated by the commission, for investigations or hearings to a commissioner, a panel of commissioners established under s. 23.163(5), or the executive director. In the case of a refusal to obey a subpoena issued to any person, the commission may make application to any circuit court of this state, which shall have jurisdiction to order the witness to appear before the commission and to produce evidence, if so ordered, or to give testimony concerning the matter in question. Failure to obey the order may be punished by the court as contempt.
* * * * * *
(13) To adopt, promulgate, amend, and rescind rules to effectuate the purposes and policies of this part and govern the proceedings of the commission, in accordance with chapter 120.
We disagree with the hearing officer's overly narrow interpretation of the powers delegated to the Commission in Section 23.166. Such an interpretation does not fairly express or permit the meaning and intent of Sections 23.166(5) and 23.166(7) to carry out the express function of the commission.
The Commission clearly has the power "to ... investigate ... complaints alleging any discriminatory practice ..." and "to hold hearings to determine the facts ..." §§ 23.166(5) and (6). In Section 23.166(7) it is provided that "the authority granted by this subsection"  the authority to administer oaths, subpoena witnesses and compel production of evidence  "may be delegated by the commission, for investigations or hearings to a commissioner, a panel of commissioners, or the executive director." The plain reading of the rules and statutory subsections lead inexorably to the conclusion that the commission has the authority to issue, serve and enforce subpoenas in connection with agency investigations. Although these sections of Chapter 23 could have been more artfully drafted, the express language is sufficiently clear and should not negate the obvious legislative intent. The power to investigate granted the Commission by virtue of Subsection 23.166(5), Florida Statutes, would be rendered nugatory if Subsection 23.166(7) were read to apply only to convened hearings. Further, such an interpretation would completely thwart the orderly process of investigation and discovery to determine whether there was a sufficient basis to convene a formal hearing.
Publix aligns itself with the Center's position but fairly expresses the view of the business community that the potential hardship and cost to Florida employers could be overwhelming if they are required to respond to broad based subpoenas and information demands sent out by mail over a prolonged period but prior to any determination that there is reasonable cause to believe that the complaint has merit. The Commission must accept that caveat and exercise its powers responsibly, without abuse and with restraint, in carrying out its mission of promoting and encouraging fair treatment and equal opportunity for all persons in our state. Additionally, Publix and the other members of the general employment community are provided a statutory safeguard from ultimate governmental harassment. Subsection 23.166(7), authorizing enforcement of the subpoena upon refusal of the witness to answer or appear, provides recourse to a circuit court for determination of whether that witness should be made to answer questions or produce relevant information. The section is thereby calculated to render adequate judicial supervision and protection.
This case and that one involving Publix Supermarkets, Inc. have traveled a long *1254 road thus far not reaching resolution on the merits. Along the way, the issue sub judice was before the Commission which concluded that it had the power to issue investigative subpoenas. Its conclusion is persuasive and entitled to great weight by this Court. See e.g., State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973). Specifically, the statutory implementing proposals having made their way through the rule-making process, in which those challenging the rule fully participated or had an opportunity to participate, strengthens the case for judicial deference. In State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981), this Court reversed the hearing officer's order that the rule exceeded its statutory authority. We held the interpretative rule valid, noting that the Department had gone through the rule-making process in developing its policy and stating that:
When as here an agency has responded to rule-making incentives and has allowed affected parties to help shape the rules they know will regulate them in the future, the judiciary must not, and we shall not, overly restrict the range of an agency's interpretative powers. Permissible interpretations of a statute must and will be sustained, though other interpretations are possible and may even seem preferable according to some views. At 242.
Absent the power to issue investigatory subpoenas, the Commission's investigation of a complaint of discrimination would invariably be protracted whenever requested information was not voluntarily submitted. Where lawful rule-making authority is clearly conferred or fairly implied, and is consistent with the general statutory duties of the agency, a wide discretion is accorded it in the exercise of such authority. 1 Fla.Jur.2d, Administrative Law, § 48 (1977). Any other interpretation of Section 23.166 and its subsections (5) and (7) would be incompatible with the spirit and purpose behind the Commission's authority to investigate and adjudicate employment discrimination. Accordingly, we find the Florida Commission on Human Relations Rules 9D-8.06, 9D-8.22(2), 9D-9.04(4), and 9D-9.03(7), Florida Administrative Code, to be a valid exercise of delegated legislative authority properly authorizing issuance, service, and enforcement of subpoenas in connection with agency investigations. The hearing officer's final order is reversed.
JOANOS and THOMPSON, JJ., concur.