455 So.2d 515 (1984)
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellant/Cross-Appellee,
v.
Zia DURRANI, Appellee/Cross-Appellant.
No. AX-329.
District Court of Appeal of Florida, First District.
August 16, 1984.
Rehearing Denied October 2, 1984.
*516 Jim Smith, Atty. Gen., and John E. Griffin, Asst. Atty. Gen., Tallahassee, for appellant/cross-appellee.
William M. Barley and John Barley of John A. Barley & Associates, Tallahassee, for appellee/cross-appellant.
ERVIN, Chief Judge.
Florida Department of Professional Regulation, Board of Medical Examiners (the Board), appeals a final order of the hearing officer of Florida Department of Administrative Hearings declaring Rule 21M-29.01(2), Florida Administrative Code (1983), to be an invalid exercise of delegated legislative authority. Appellee, Durrani, cross-appeals, challenging the hearing officer's determination that deficiencies in the Economic Impact Statement (EIS), accompanying promulgation of the rule, did not impair the fairness of the rulemaking proceeding. We reverse the order on appeal and affirm as to the issue raised on cross-appeal.
Durrani was licensed in Illinois on the basis of having achieved a weighted average score of 75% following two separate seatings while he was taking the examination of the Federation of State Medical Boards of the United States (FLEX). Illinois applies the general formula, rejected by the subject rule, of considering the highest score obtained on any of the three FLEX parts in multiple seatings in computing the weighted average scores of candidates who have taken any part more than once. Durrani's Illinois FLEX scores did *517 not meet the criteria of Rule 21M-29.01(2) and his application for licensure in Florida was denied by the Board. Durrani challenged the rule in an administrative hearing, resulting in the order which found the rule to be an invalid delegation of legislative authority in that it adds substantive requirements to section 458.313(1)(d).
In Florida, medical licensure may be secured either "by examination" of previously unlicensed persons or "by endorsement" of persons licensed elsewhere. Licensure by endorsement is provided for in Section 458.313(1)(d), Florida Statutes, as follows:
(1) The department shall issue a license by endorsement to any applicant who, upon applying to the department and remitting a fee not to exceed $250 set by the board, demonstrates to the board that he has met the qualifications for licensure in s. 458.311 and:
* * * * * *
(d) Has been certified by licensure examination of the Federation of State Medical Boards of the United States, Inc. (FLEX) or is certified by the National Board of Medical Examiners as having completed its examination; provided that said examination required shall have been so certified within the 10 years immediately preceding the filing of his application for licensure under this section.
Section 458.311, Florida Statutes, referenced above, is the provision controlling licensure by examination, one qualification of which is successful completion of the FLEX examination.
Rule 21M-29.01(2) interprets the section 458.313(1)(d) phrase "has been certified by licensure examination of the Federation of State Medical Boards of the United States, Inc." as requiring that applicants obtain a 75% weighted average score from a single complete sitting of FLEX, a three-day, three-part examination. The EIS accompanying the rule anticipated no significant impact on competition or on the open market for employment.
The well recognized general rule is that agencies are to be accorded wide discretion in the exercise of their lawful rulemaking authority, clearly conferred or fairly implied and consistent with the agencies' general statutory duties. Florida Commission on Human Relations v. Human Development Center, 413 So.2d 1251 (Fla. 1st DCA 1982). An agency's construction of the statute it administers is entitled to great weight and is not to be overturned unless clearly erroneous. Pan American World Airways, Inc. v. Florida Public Service Commission, 427 So.2d 716 (Fla. 1983); Barker v. Board of Medical Examiners, 428 So.2d 720 (Fla. 1st DCA 1983). Where, as here, the agency's interpretation of a statute has been promulgated in rulemaking proceedings, the validity of such rule must be upheld if it is reasonably related to the purposes of the legislation interpreted and it is not arbitrary and capricious. The burden is upon petitioner in a rule challenge to show by a preponderance of the evidence that the rule or its requirements are arbitrary and capricious. Agrico Chemical Co. v. State, Dept. of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978); Florida Beverage Corp. v. Wynne, 306 So.2d 200 (Fla. 1st DCA 1975). Moreover, the agency's interpretation of a statute need not be the sole possible interpretation or even the most desirable one; it need only be within the range of possible interpretations. Department of Health and Rehabilitative Services v. Wright, 439 So.2d 937 (Fla. 1st DCA 1983) (Ervin, C.J., dissenting); Department of Administration v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982); Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981). In the instant case the Board is authorized to adopt rules under the general authority conferred upon it by Section 458.309, Florida Statutes, and the specific authority of Section 458.313(4), Florida Statutes. The latter provision clearly empowers the Board with the authority to make such rules necessary to implement the provisions of the licensure by endorsement statute at issue here and the agency's interpretive rulemaking is entitled to the deference outlined above. The issue is *518 whether Rule 21M-29.01(2), in setting a minimum FLEX score of 75% and requiring that the score be obtained in one sitting, exceeds the range of possible interpretations of section 458.313(1)(d), thereby constituting an addition or alteration to the statute, in excess of lawfully delegated rulemaking authority?
Durrani contends that the rule imposes additional requirements not encompassed within the statute. He interprets the language of section 458.313(1)(d), "certified by licensure examination of the Federation of State Medical Boards of the United States, Inc.", to mean that if one is licensed by another state on the basis of the FLEX exam, such person is entitled to Florida licensure by endorsement, regardless of the score achieved on FLEX or the number of tests combined to achieve the score. This interpretation has two obvious faults. First, if "certified by licensure examination" means certified by licensure in another state, the statute should have included that language. The language describing licensure "in another state" is included within other sections of the act. See Sections 458.311(2)(a), 458.315 and 458.317, Florida Statutes. The legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended. Ocasio v. Bureau of Crimes Compensation Division of Workers' Compensation, 408 So.2d 751 (Fla. 3d DCA 1982).
Second, Durrani is mistaken in his contention that subsection (d) establishes the FLEX requirement for endorsement candidates. Section 458.313(1) requires that endorsement candidates meet the qualifications for licensure in section 458.311, which statute requires candidates for licensure by exam to complete the FLEX examination. Thus, section 458.313(1) establishes the FLEX exam requirement for endorsement candidates, and subsection (d), rather than uselessly reiterating that requirement, imposes the additional condition that the FLEX be certified as having been completed within ten years preceding application for endorsement. Sections 458.313(1) and 458.311, read in pari materia, reflect the legislative intent that candidates for licensure by endorsement and by examination satisfy the same examination requirement. Establishment of a minimum passing score is required by Section 455.217(1), Florida Statutes; Rule 21M-21.01(3) sets the score for examination candidates. The challenged rule, consistent with the legislative intent of uniformity, adopts the same passing score for endorsement candidates. No additional criteria are imposed.
As earlier observed, the criteria selected by the Board to constitute an acceptable FLEX examination in Rule 21M-29.01(2) need not be the only possible interpretation or even the best interpretation of statutory language  it need only be within the range of possibilities. The choices of a 75% minimum score and the requirement that all test section scores calculated into this overall score be attained at a single sitting of FLEX are certainly within the range of permissible choices. There is nothing in the record to suggest that this choice was arbitrary or capricious. The establishment of examination criteria for endorsement candidates identical to that imposed on examination candidates implements the legislative intent of uniformity. Additionally, the criteria selected are reasonably related to the statutory purpose of requiring some basic level of medical competence to assure protection of the public health, safety and welfare. Both the 75% score and the single sitting requirement are criteria having a possible correlation to medical competence.
The interpretation of section 458.313(1)(d) urged by Durrani, and apparently accepted by the hearing officer, would result in the licensing of any physician who has obtained a license by examination in another state, even if such licensing were conceivably based on a passing score of only one percent. An interpretation open to this possibility would establish mere physical completion of FLEX as a standard of medical competence. A statute must be interpreted to avoid so unreasonable a result where, as *519 here, it is open to another interpretation. Agrico, 365 So.2d at 766.
On cross-appeal we note that the preparation of an EIS is a procedural aspect of rulemaking that is subject to the harmless error rule. Plantation Residents' Association, Inc. v. School Board of Broward County, 424 So.2d 879 (Fla. 1st DCA 1982); School Board of Broward County v. Gramith, 375 So.2d 340 (Fla. 1st DCA 1979); Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979). Therefore before the agency action adopting Rule 21M-29.01(2) may be invalidated on the ground that it was not accompanied by an appropriate EIS, the court must first determine whether the fairness of the proceeding or the correctness of the action was found to be impaired. Gramith, 375 So.2d at 341. See also Wright, 439 So.2d at 942 (Ervin, C.J., dissenting). There is no evidence in this record supportive of any finding of incorrectness or unfairness in the rule's adoption, therefore the hearing officer's ruling was not in error.
Accordingly, we reverse as to the issue on appeal, affirm the issue raised on cross-appeal, and remand this cause for action consistent with this opinion.
SMITH and JOANOS, JJ., concur.