# WHITE CONSTRUCTION COMPANY, INC. v. DEPARTMENT OF TRANSPORTATION

## Case No. 84-3971R

State of Florida, Division of Administrative Hearings

January 3, 1985

### APPEARANCES OF COUNSEL

**F. Alan Cummings** and **Harry Detwiler, Holland and Knight,** for petitioner.

**Robert I. Scanlan** and **Reynold Meyer,** Department of Transportation, for respondent.

### OPINION

R. T. CARPENTER, Hearing Officer.

This matter came on for hearing in Tallahassee, Florida on December 18, 1984, before the Division of Administrative Hearings and its duly appointed Hearing Officer, R.T. Carpenter. The parties were represented by counsel.

This case arose on Petitioner's challenge to Respondent's Rule 14-23.01(4)(b), Florida Administrative Code. Petitioner contends this rule provision includes an invalid exercise of delegated legislative authority. See Section 120.56(1), Florida Statutes (1983).

The parties submitted proposed findings of fact pursuant to Section 120.57(1)(b)4, Florida Statutes. A ruling on each proposed finding of fact has been made either directly or indirectly herein, except where such proposed findings have been rejected as subordinate, cumulative, immaterial, or unnecessary.

Petitioner filed objections to portions of its Exhibit Six (deposition, pages 27 and 28) on grounds of relevancy. These objections are sustained.

## FINDINGS OF FACT

1. Petitioner is a contractor engaged in highway construction and holds a certificate of qualification with Respondent. Action pending in DOAH Case No. 84-2538 could result in the suspension of Petitioner's certificate if an alleged contract delinquency is proven.

2. Section 337.16, F.S., delegates to Respondent the authority to revoke or suspend a certificate when contract delinquency is demonstrated. This statute provides:

(1) No contractor shall be qualified to bid when an investigation by the highway engineer discloses that such contractor is delinquent on a previously awarded contract, and in such case his certificate of qualification shall be suspended or revoked.

(2) The department may suspend, for a specified period of time, or revoke for good cause any certificate of qualification.

The purpose of the above statute is to enforce timely completion of construction work and to prevent a contractor from taking on new work which might require diversion of resources from the delinquent job, thus lessening the contractor's ability to catch up.

3. Rule 12-23.01, F.A.C. was promulgated by Respondent to implement its authority to suspend or revoke contractor certificates for job delinquency. Because contractors charged with delinquency frequently catch-up or cure the delinquency during the pendency of administrative proceedings,[1] Respondent's statutory authority to enforce construction schedules was easily thwarted.

4. To "put teeth" in its ability to deter job delays, Respondent amended its delinquency rule in 1982 to provide after-the-fact certificate suspension where a contractor was proven to have been delinquent in its progress on a construction project. This provision, which is challenged here, states as follows:

---

[1] See Subsection 120.57(1), Florida Statutes.

(b) REINSTATEMENT. Any contractor disqualified under the above provisions shall be disqualified from further bidding and shall be disapproved as a contractor until the delinquency is cured. Where a contractor cures the alleged delinquency during the course of administrative proceedings, the Department may suspend the qualification to bid and disapprove as a subcontractor for the number of days the contractor is administratively determined to be delinquent.

5. Specifically, Petitioner challenges the last sentence which it contends amounts to unauthorized punishment since the deficiency sought to be corrected by the statute no longer exists. However, the provision would arguably have some deterrent force since contractors would recognize that suspension could not be avoided merely by requesting formal proceedings[2] and counting on administrative delay to render the delinquency issue moot.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over this proceeding pursuant to Subsection 120.56(2), Florida Statutes. Petitioner is a contractor holding a certificate of qualification which is subject to suspension or revocation by Respondent, and is thus substantially affected by the challenged rule. See Subsection 120.56(1), F.S.

Subsection 334.02(6), Florida Statutes, states in part that:

The Legislature intends to declare, in general terms, the powers and duties of the Department of Transportation, leaving specific details to be determined by reasonable rules and regulations which the department may promulgate. . . .

This provision, along with Section 337.16, F.S. (quoted earlier), delegates rule making authority to Respondent with respect to the enforcement of contract schedules.

The standards for determining the validity of rules proposed or promulgated by State agencies are set forth in the recent case of *Dept. of Professional Regulation, Board of Medical Examiners v. Durrani*, 455 So.2d 515, 517 (Fla. 1st DCA 1984). As stated by the Court:

The well recognized general rule is that agencies are to be accorded wide discretion in the exercise of their lawful rulemaking authority, clearly conferred or fairly implied and consistent with the agencies' general statutory duties. *Florida Commission on Human Relations v. Human Development Center*, 413 So.2d 1251 (Fla. 1st DCA 1982). An agency's construction of the statute it administers is entitled to

[2] Id.

190

great weight and is not to be overturned unless clearly erroneous. *Pan American World Airways, Inc. v. Florida Public Service Commission*, 427 So.2d 716 (Fla. 1983); *Barker v. Board of Medical Examiners*, 428 So.2d 720 (Fla. 1st DCA 1983). Where, as here, the agency's interpretation of a statute has been promulgated in rule-making proceedings, the validity of such rule must be upheld if it is reasonably related to the purposes of the legislation interpreted and it is not arbitrary and capricious. The burden is upon petitioner in a rule challenge to show by a preponderance of the evidence that the rule or its requirements are arbitrary and capricious. *Agrico Chemical Co. v. State, Department of Environmental Regulation*, 365 So.2d 759 (Fla. 1st DCA 1978); *Florida Beverage Corp. v. Wynne*, 306 So.2d 200 (Fla. 1st DCA 1974). Moreover, the agency's interpretation of a statute need not be the sole possible interpretation or even the most desirable one; it need only be within the range of possible interpretations. *Department of Health and Rehabilitative Services v. Wright*, 439 So.2d 937 (Fla. 1st DCA 1983) (Ervin, C.J., dissenting); *Department of Administration v. Nelson*, 424 So.2d 852 (Fla. 1st DCA 1982); *Department of Health and Rehabilitative Services v. Framat Realty, Inc.*, 407 So.2d 238 (Fla. 1st DCA 1981). . . .

Rule 14-23.01(4)(b), Florida Administrative Code, measured against the above standards, must be considered a valid exercise of delegated legislative authority. The purpose of the rule, which is to deter contract delinquency, is directly related to the legislative purpose of Section 337.16, Florida Statutes.

Petitioner first contends that the rule is "penal" and therefore exceeds the authority delegated by the statute. Petitioner is correct that an after-the-fact suspension for delinquency is a penal action. However, the statute itself must be regarded as penal since it authorizes certificate revocation, which is highly penal, as well as the lesser penalty of certificate suspension. The challenged rule authorizes only limited suspension, which may not exceed the number of days a contractor was proven to be delinquent. Thus, the challenged rule is a minimal exercise of the penal authority delegated by Section 337.16, F.S.

Petitioner's contention that the rule is vague and lacking in standards is rejected. The statute specifies revocation only on "good cause." The challenged rule states the cause (delinquency) and specifies the maximum period of suspension (days of delinquency). Thus, the standard, as well as the maximum penalty, is clearly stated.

Petitioner argues with some persuasiveness that the statute does not address past delinquencies and that the challenged rule seeks to reach

**191**

beyond its delegated authority. In support of this contention, Petitioner points out that the language of the statute refers to the "contractor who *is* delinquent," not the contractor who *was* delinquent (e.s.).

Respondent's somewhat different interpretation of the statutory language is equally persuasive. Without after-the-fact suspension authority, the legislative purpose of enforcing adherence to work schedules could be avoided by resort to the administrative hearing process.[3] Further, Petitioner's argument that the legislature did not intend that its statute have any effect beyond the period of the actual delinquency must be rejected in view of the certificate revocation powers provided by Section 337.16, F.S. Finally, Respondent's interpretation must prevail since, as stated by the Court (above), the agency's interpretation "need not be the sole possible interpretation or even the most desirable one. . . ."

## FINAL ORDER

Based on the foregoing, it is

ORDERED:

Petitioner has failed to demonstrate that Rule 14-23.01(4)(b), Florida Administrative Code, constitutes an invalid exercise of delegated legislative authority. Accordingly, the Petition is DISMISSED.

---

[3] Id.