ERVIN, Judge,
dissenting.
I respectfully dissent to the majority’s conclusion that the last sentence of Florida Administrative Code Rule 21E-12.08 has no statutory foundation. Section 489.129(l)(e), (j), (m) & (3) provides:
The board may revoke, suspend, or deny the issuance or renewal of the certificate or registration of a contractor and impose an administrative fine not to exceed $5,000, place a contractor on probation, or reprimand or censure a contractor if the contractor, or if the business entity or any general partner, officer, director, trustee, or member of a business entity for which the contractor is a qualifying agent, is found guilty of any of the following acts:
* # * * * *
(c) Violation of chapter 455.
* * * # * *
(j) Failure in any material respect to comply with the provisions of this act.
* * * * # ⅜
(m) Upon proof that the licensee is guilty of fraud or deceit or of gross negligence, incompetency, or misconduct in the practice of contracting.
* * * * * *
(3) The board may specify by rule the acts or omissions which constitute violations of this section.
(emphasis supplied)
Clearly the above statute gives the board the authority to inflict certain disciplinary sanctions under given conditions. The word impose is defined in part as “to place or set (a burden, tax, fine, etc. on or upon) as by authority”. Webster’s New World Dictionary (Second College ed. 1980) (emphasis in original). I simply cannot agree *30 with the hearing officer’s conclusion that “[sjection 489.129(1) ... does not specify that an administrative fine must be paid; it simply authorizes the imposition of such a fine.” It is a well established rule “that agencies are to be accorded wide discretion in the exercise of their lawful rulemaking authority, clearly conferred or fairly implied and consistent with the agencies’ general statutory duties.” Department of Professional Regulation, Board of Medical Examiners v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984) (e.s.). See also Hall v. Career Service Commission, 478 So.2d 1111 (Fla. 1st DCA 1985) (although no statute specifically confers power on the agency to grant motions for extensions of time, such power is deemed reasonably incident to the powers expressly granted); Barker v. Board of Medical Examiners, 428 So.2d 720 (Fla. 1st DCA 1983); Florida Commission on Human Relations v. Human Development Center, 413 So.2d 1251 (Fla. 1st DCA 1982); Agrico Chemical Co. v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978).
The board’s authority to revoke, suspend or deny the issuance of a contractor’s certificate is a power specifically delegated to it by section 489.129. Its right to so act is obviously not dependent upon any further judicial remedy. If, on the other hand, the board had imposed a $5,000 fine upon a contractor, and the fine was not paid within the time provided by rule, the hearing officer’s interpretation of the statute would bar the board from suspending the contractor’s certificate until such time that the fine was paid, and force the board to resort to a civil remedy — despite the board’s clear-cut authority to suspend or refuse to renew the certificate. In my judgment such a tortured construction of the board’s powers to enforce its own orders is at variance with the legislative intent placing broad regulatory powers in the Construction Industry Licensing Board.
The second sentence of section 455.-227(2), requiring the Department of Legal Affairs to bring at the request of the board a civil action to recover the penalty, is, in my judgment, simply a supplemental or alternative remedy available to the board as a means of enforcing an administrative fine which has not been paid by the disciplined contractor. If the board wishes to resort to a civil remedy, such as seeking a writ of execution or garnishment, clearly it must seek relief judicially — not administratively. I should think that the challenged last sentence of the rule on review can be logically interpreted as permitting the board the authority to discipline a contractor who refuses to pay a fine by taking action against the contractor’s certificate — a power expressly granted the board as one of its options by section 489.-129(1). With such a construction, I consider that the above portion of the rule can be upheld against attack on invalid exercise of delegated legislative authority grounds. Thus, upon reading sections 455.227(2) and 489.129(1) in pari materia, I would find that the board has, under the circumstances before us, the authority to provide by rule sanctions which the board is clearly granted the right to inflict under section 489.-129(1).
I entirely agree with the majority’s recognition “ ‘that rulemaking authority may be implied to the extent necessary to properly implement a statute governing the agency’s statutory duties and responsibilities’ ”, ante at 29 (quoting Department of Professional Regulation, Board of Professional Engineers v. Florida Society of Professional Land Surveyors, 475 So.2d 939, 942, 2082 (Fla. 1st DCA 1985)) (emphasis supplied), and would apply the above statement to the facts on review. By placing the above construction upon the rule which appears entirely consistent with the statutory delegation of authority to the agency, I would therefore reverse the hearing officer’s conclusion that the last sentence of rule 21E-12.08 is an invalid exercise of delegated legislative authority.