503 So.2d 1318 (1987)
Melodie K. MOOREHEAD, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PSYCHOLOGICAL EXAMINERS, Appellee.
Nos. BL-157, BM-299.
District Court of Appeal of Florida, First District.
March 5, 1987.
*1319 Joseph C. Jacobs and Melissa Fletcher Allaman, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Allen R. Grossman, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Dr. Melodie K. Moorehead appeals from the final order of the Board of Psychological Examiners approving the hearing officer's recommended order finding her ineligible for licensure, and from the hearing officer's final order finding that rule 21U-11.06(1)(b)1 and 5, Florida Administrative Code, is not an invalid exercise of delegated legislative authority. We affirm in part and reverse in part.
Dr. Moorehead received her doctoral degree in psychology from the Union for Experimenting Colleges and Universities (the Union) on June 29, 1983, at which time the Union was in a candidacy, or preaccreditation, status. The Union subsequently received formal accreditation on February 25, 1985. In July, 1984, Dr. Moorehead applied to the Board of Psychological Examiners for certification to take the licensure examination pursuant to section 490.005(1), Florida Statutes (1983).[1]
The Board adopted rule 21U-11.06 to implement section 490.005, and essentially codified the criteria for American Psychological Association approved programs.[2] The *1320 rule took effect April 5, 1984. The Board refused to certify Dr. Moorehead on the grounds that the Union's psychology doctoral program did not meet the requirements of rule 21U-11.06(1)(b)1, in that the Union was not accredited by one of the regional accrediting bodies recognized by the Council on Post-secondary Accreditation at the time of her graduation, and did not meet the requirement in rule 21U-11.06(1)(b)5, in that its doctoral program was not an organized, integrated sequence of study designed by the psychology faculty responsible for the program.
Following the Board's decision, Dr. Moorehead requested a hearing under section 120.57, Florida Statutes, (Case No. BM-299), and filed a challenge to the rule pursuant to section 120.56, Florida Statutes, (Case No. BL-157). Following a consolidated hearing, in an order addressing the Board's refusal to certify Dr. Moorehead to take the examination, the hearing officer agreed that she did not graduate from a program acceptable under the rule, and additionally concluded that she did not graduate from a doctoral psychology program of any of Florida's state universities. The hearing officer bottomed that latter conclusion based on the Board's interpreting section 490.005(1)(b), Florida Statutes, to require that applicants who have not graduated from an APA approved program must have received a doctoral degree from an APA comparable program or from a doctoral psychology program of the state universities of Florida. The Board's order adopted the hearing officer's findings of fact and conclusions of law and denied certification to sit for the licensure examination.
In the rule challenge, the hearing officer concluded that rule 21U-11.06(1)(b)1 and 5, was the result of a permissible interpretation of the requirement of section 490.005(1)(b) that a candidate for licensure must have "received a doctoral degree in psychology from a university or professional school maintaining a standard of training comparable to the standards of training of those universities having programs approved by the American Psychological Association." [Emphasis added.] The hearing officer also concluded that the rule is neither arbitrary nor capricious because it required accreditation status or because it appeared to be a departure from an earlier policy which had assessed the Union's program and found it comparable to APA approved programs. As to that latter contention, the hearing officer specifically found that the previous statute under which the policy was implemented had been "sunsetted," which constituted sufficient changed circumstances to justify a shift in policy.
Addressing first the validity of rule 21U-11.06(1)(b)1 and 5, we affirm the hearing officer's final order that the rule is not an invalid exercise of delegated legislative authority, even though it is an apparent verbatim adoption of the American Psychological Association's approval criteria. Instead, the rule is valid as being "within the range" of permissible interpretations of section 490.005, Department of Professional Regulation, Board of Medical Examiners v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984), and is consistent with the legislature's intent to establish uniformity as well as to protect the public from the danger of unqualified psychologists. See section 490.002, Fla. Stat. The fact that the rule might work to Dr. Moorehead's disadvantage under such unfortunate circumstances as her having graduated in the hiatus period of the Union's accreditation status, does not render the rule so illogical or despotic as to be arbitrary and capricious. Although the Board may have had a different policy in 1971, we agree with the hearing officer that the subsequent repeal and reenactment of the statute, as well as the American Psychological Association's revision of its standards, justified the change. In any event, the fact that three former Union graduates were permitted to take the exam in 1971 should not render a rule promulgated over ten years later arbitrary and capricious as being contrary to *1321 "historical" policy. For that reason, we distinguish the circumstances in State, Department of Insurance v. Insurance Services Office, 434 So.2d 908, 913 (Fla. 1st DCA 1983), from those in the instant case.
Turning to the issue of the application of rule 21U-11.06(1)(b), we note first that subsection (1)(b)1 specifically requires that "education and training in psychology must have been received in an institution of higher education accredited by one of the regional accrediting bodies recognized by the Council on Post-secondary Accreditation." We agree with the Board's conclusion that the status of accreditation is not the equivalent of candidacy status for accreditation. As the hearing officer explained in his recommended order, "In candidacy status the institution is trying to assure the Commission of its ability, financial and otherwise, to maintain a viable program. In accreditation the certification has been affirmed." The hearing officer went on to conclude that no evidence was presented to show that the American Psychological Association, and its approval process, would substitute candidacy status for accreditation status. The rule leaves no room for alternative interpretations, and because Dr. Moorehead did not graduate from the Union at the time that it was accredited, the Board had no alternative under the rule but to deny her application for certification to take the doctoral examination, whether or not the program was an organized, integrated sequence of study.
However, we perceive that Dr. Moorehead has an alternative route available to her provided by section 490.005(1)(b). At this point, we disagree with the Board's interpretation of that subsection as enunciated earlier in this opinion. Although the hearing officer and the Board read that section to mean that the candidate must have received a doctoral degree from a doctoral psychology program of a Florida state university, the proper interpretation of section 490.005(1)(b) is that the Department of Professional Regulation shall license each applicant who the Board certifies has
(1) received a doctoral degree with a major in psychology from a university or professional school that has a program approved by the American Psychological Association; or
(2) received a doctoral degree in psychology from a university or professional school maintaining a standard of training comparable to the standards of training of
(i) those universities having programs approved by the American Psychological Association or

(ii) the doctoral psychology programs of the state universities.

Since the Board and the hearing officer were acting under an erroneous interpretation of section 490.005(1)(b), we must reverse and remand the appeal in Case No. BM-299 to the Board for it to reconsider Dr. Moorehead's application, and if necessary, to take further evidence on the issue of whether Dr. Moorehead graduated from a school maintaining a standard of training comparable to the doctoral psychology programs of Florida's state universities.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] Section 490.005 provides in relevant part:

(1) Any person desiring to be licensed as a psychologist shall apply to the department to take the licensure examination. The department shall license each applicant who the board certifies has:
* * * * * *
(b) Submitted proof satisfactory to the Board that he has received a doctoral degree with a major in psychology from a university or professional school that has a program approved by the American Psychological Association or that he has received a doctoral degree in psychology from a university or professional school maintaining a standard of training comparable to the standards of training of those universities having programs approved by the American Psychological Association or the doctoral psychology programs of the state universities.
[2] The pertinent part of the rule is quoted below:

(1) In order to be certified by the Board as eligible for examination pursuant to Section 490.005(1), Florida Statutes, an applicant must:
* * * * * *
(b) Submit proof of the completion of a doctoral degree with a major in psychology from a university or professional school that has a program approved by the American Psychological Association or a doctoral degree in psychology from a university or professional school maintaining a standard of training comparable to those universities having programs approved by the American Psychological Association. For the purpose of determining whether an applicant's doctoral degree in psychology was received from a university or professional school maintaining a standard of training comparable to those universities having programs approved by the American Psychological Association the Board will apply the following criteria:
1. Education and training in psychology must have been received in an institution of higher education accredited by one of the regional accrediting bodies recognized by the Counsel on Postsecondary Accreditation.
* * * * * *
5. The doctoral program must be an organized, integrated sequence of study designed by the psychology faculty responsible for the program.