JORGENSON, Judge.
We have for review a final order of the Department of Health and Rehabilitative Services denying South Miami Hospital’s claim for Medicaid reimbursement. The issue to be decided is whether the claim was “clean” pursuant to the Florida Administrative Code, and ready for adjudication by the agency. This dispute has engendered an informal administrative hearing, preparation of an appellate record and briefs, and oral argument by counsel before this court. Had H.R.S. exhibited common courtesy and civility upon receipt of the hospital’s initial claim, this case would not be here. For the reasons that follow, we reverse.
South Miami Hospital filed a Medicaid reimbursement form with H.R.S. for medical services provided to a patient. The hospital inadvertently omitted the patient’s Medicaid number from the claim, but did include her Social Security number and other identifying information. H.R.S. denied the claim on the ground that the hospital had omitted the Medicaid number. The hospital refiled the claim, but again omitted the patient’s Medicaid number. Once again, H.R.S. denied the claim on the basis that it was not ready for adjudication because of the missing information. The hospital filed a third claim for reimbursement; H.R.S. denies ever having received that form. Following an informal administrative hearing, H.R.S. rejected the hospital’s argument that its claims for reimbursement were complete and ready for processing, and that the agency simply could *511 have completed the ministerial act of filling in the Medicaid number which could be determined from the patient’s social security number.
The hearing officer’s finding that the hospital’s claims for reimbursement were not ready for processing was clearly erroneous. Although the agency’s interpretation of its rules is entitled to great weight, its interpretation must be within the range of possible interpretations. Department of Professional Regulation v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984). The Florida Administrative Code provides that a “[c]lean claim is a claim that can be adjudicated without corrections or additional information from the provider of the service.” Fla.Admin.Code Rule 10C-7.030(2)(d). The hearing officer’s interpretation of the agency’s rule was unreasonable. H.R.S. admits that the reimbursement forms were otherwise complete; that reimbursement would have followed but for the missing Medicaid number; and that the Medicaid number was readily ascertainable from the patient’s Social Security number. No additional information was necessary from the provider. Instead of processing the hospital’s claim in a timely manner, the agency acted arbitrarily and capriciously in denying the claim for failure to supply information that it actually already had within its records.
Accordingly, we reverse the order under review and remand with directions to H.R.S. to accept South Miami Hospital’s claim for reimbursement for Medicaid services and pay that claim without further delay.
REVERSED AND REMANDED WITH DIRECTIONS.