PER CURIAM.
Mildred N. Roger, Ed.D., appeals the final order of the Board of Clinical Social Work, Marriage and Family Therapy, and Mental Health Counseling which denied her application for licensure by endorsement as a mental health counselor. The Board found that Dr. Roger had not met the coursework requirements of section 491.005(4), Florida Statutes (1991), despite the fact that Dr. Roger previously taught the required courses at Jacksonville University and Troy State University in Dothan, Aabama. In construing section 491.005(4), the Board concluded that an applicant for licensure must complete the courses prescribed in section 491.005(4) as a student, and that an applicant’s experi *313 ence teaching the same courses does not satisfy the coursework requirements. We are constrained to affirm this interpretation of the statute, and we write briefly on this subject in order to bring this matter to the attention of the legislature.
As explained by the court in Board of Medical Examiners v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984),
An agency’s construction of the statute it administers is entitled to great weight and is not to be overturned unless clearly erroneous.... [T]he agency’s interpretation of a statute need not be the sole possible interpretation or even the most desirable one; it need only be within the range of possible interpretations.
Durrani, 455 So.2d at 517 (citations omitted). Under this standard, we cannot conclude that the Board’s interpretation of section 491.005(4) is clearly erroneous or fails to fall within the range of possible interpretations. The statute requires that an applicant complete a certain number of hours of graduate coursework at a fully accredited institution of higher education. The Board’s interpretation that section 491.005(4) does not authorize the substitution of teaching experience for the required hours of coursework, while perhaps not the most desirable, is certainly a possible interpretation of the statute.[1]
Because of the possibility that, as in the instant ease, unjust results may occur,[2] the legislature may wish to address this matter.
AFFIRMED.
COBB, GRIFFIN and DIAMANTIS, JJ., concur.

. We also agree with the Board’s conclusion that section 455.212, Florida Statutes (Supp.1992), does not authorize such substitution.

. The Board does not dispute that a student’s completion of the courses taught by Dr. Koger would meet the coursework requirements of section 491.005(4).