The Honorable John Grant Senator, District 13 610 West Waters Avenue, Suite A Tampa, Florida 33604
Dear Senator Grant:
You ask substantially the following question:
Is the separate billing by a landlord to his tenant, over and above the "base rent" amount, and described as a "pass-through charge," taxable rent when that amount solely consists of the tenant's pro rata share of ad valorem property taxes, maintenance, and insurance?
In sum:
Under Rule 12A-1.070, Florida Administrative Code, the ad valorem property tax and maintenance portions of the "pass-through charge" are treated as taxable rent. However, the insurance premium portion of the "pass-through charge" is taxable only to the extent that an itemized portion of that premium charge is incurred for the benefit and protection of the landlord rather than the tenant.
As you point out, such arrangements are common in commercial leasing and are referred to as a "triple net lease."
Rule 12A-1.070, Florida Administrative Code, comprehensively addresses the subject of determining what constitutes consideration for the rental or use of real estate. This rule provides in pertinent part:
"12A-1.070 Leases and Licenses of Real Property; Storage of Boats and Aircraft.
* * *
(4)(b) The tax shall be paid at the rate of 5 percent prior to February 1, 1988, and 6 percent on or after February 1, 1988, on all considerations due and payable by the tenant or other person actually occupying, using, or entitled to use any real property to his landlord or other person for the privilege of use, occupancy, or the right to use or occupy any real property for any purpose.
(c) Ad valorem taxes paid by the tenant or other person actually occupying, using, or entitled to use any real property to the lessor or any other person on behalf of the lessor, including transactions between affiliated entities, are taxable.
(d) Common area maintenance charges paid by a tenant to the lessor for the privilege or right to use or occupy real property are taxable.
* * *
(12) When a tenant or other person pays insurance for his own protection, the premium is not regarded as rental or license fee consideration, even though the landlord or other person granting the right to occupy or use such real property is also protected by the coverage. However, any portion of the premium which secures the protection of the landlord or person granting the right to occupy or use such real property and which is separately stated or itemized is regarded as rental or license fee consideration and is taxable."
The Department's rule was promulgated in order to implement and administer section 212.031(1)(c), Florida Statutes. That statute imposes tax on the "total rent" charged for real property.
The Department has been granted clear rule-making authority.[1]
Since there is no conflict between the plain language of section212.031(1)(c), Florida Statutes, and the implementing rule, the rule is presumed valid and correct.[2]
It is evident from the Department's rule that premiums paid to insure the tenant, rather than to protect the landlord, are not consideration for the lease or rent. However, the Department's rule addresses the more difficult question arising when both the landlord and the tenant are jointly insured and protected by the same policy.
Where the tenant pays premiums on policies in which the landlord and tenant are jointly insured, the Department's rule provides that the tenant's payment of such premiums will not be taxed as rent, unless an itemized portion of the total premium is attributable to a type of coverage that protects the landlord rather than the tenant. This situation arises when a particular policy, in which both parties are named as insured, provides multiple and distinct types of coverages, but where only some of the coverages protect the tenant. In that situation, the itemized portion of the premium which pays for the protection of the landlord is treated as rent, while any portion paid to protect the tenant, or the landlord and tenant jointly, is not treated as rent.[3]
Accordingly, I am of the opinion that the ad valorem tax and maintenance portions of the "pass-through charge" are consideration for the lease or rent. The insurance premiums paid for the benefit and protection of the landlord, rather than for the benefit and protection of the tenant, also constitute consideration for the lease or rent. However, the insurance premium portion of the "pass-through charge" does not constitute rent merely because the landlord is named as a joint insured. To tax a portion of the insurance premium charge as rent, there would have to be an itemized amount attributable to the protection of the landlord. This would be determined by reviewing the insurance policies and the premium statements which contain the insurance company's itemization of charges.[4]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Sections 212.17(6), 212.18(2), and 213.06(1), Fla. Stat., grant the Department authority to promulgate the pertinent rule.
[2] See, State ex rel. Szabo Food Services, Inc. of NorthCarolina v. Dickinson, 286 So.2d 529 (Fla. 1973); Koger v.Department of Professional Regulation, et al., 647 So.2d 312
(Fla. 5th DCA 1994); Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977); and Forehand v. Board of Public Instruction of DuvalCounty, 166 So.2d 668 (Fla. 1st DCA 1964).
[3] Rule 12A-1.070(12), F.A.C.
[4] The premium statements provided by a third party insurer would contain the most reliable itemization of the portion of premiums, if any, attributable to landlord coverage. These third party documents are not readily subject to manipulation or tax planning.