391 So.2d 739 (1980)
Sylvia J. CALFIN, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, Division of Pari-Mutuel Wagering, Appellee.
No. 80-255.
District Court of Appeal of Florida, Fourth District.
December 24, 1980.
*740 Larry V. Bishins, Fort Lauderdale, and Arnold Lasky, Miami, for appellant.
David M. Maloney, Staff Atty., Tallahassee, for appellee.
HERSEY, Judge.
Sylvia Calfin, a horse trainer, was charged by administrative complaint with violation of three administrative rules, by allowing a horse under her care to race with the drug Butorphanol in its system. The rules alleged to have been violated are:
1. 7E-4.25(12)(a), Florida Administrative Code, which prohibits the racing of a horse with any narcotic, stimulant, depressant or local anesthetic;
2. 7E-405, Florida Administrative Code, which provides that the trainer shall be responsible for and be the insurer of the condition of the horse he enters; and
3. 7E-405, Florida Administrative Code, which provides that trainers are obligated to properly protect the horse and guard it against the administration or attempted administration of prohibited substances.
Following a former hearing before the Director of the Division of Pari-Mutuel Wagering, a final administrative order was entered, revoking Calfin's license, declaring her ineligible for licensing for two years and imposing a $400.00 fine. Subsequently, an amended final order was entered identical *741 to the original order except that it additionally denied Calfin all privileges of the grounds for two years.
In seeking review of this order, Calfin first challenges the constitutionality of the rules under which she was charged. Specifically, she claims that the term "narcotic" is not defined either statutorily or in the rules. Thus, according to Calfin, the rules fail to establish a reasonable standard of permissible conduct. However, in State v. Ashcraft, 378 So.2d 284 (Fla. 1979), the Florida Supreme Court held that the term "excitative drug" was sufficiently definite to apprise ordinary persons of common intelligence what substances were proscribed. It follows then that the term "narcotic" sufficiently designates prohibited substances to a trainer who has or should have expertise not common to the ordinary person.
Calfin also contends that there was not sufficient evidence to support the finding that Butorphanol was a narcotic. Medical testimony at the hearing revealed that Butorphanol could produce as well as remove the narcotic effects of morphine. Further, Calfin stipulated that in the qualified opinion of Dr. Duer, head of the Division's laboratory, Butorphanol is a narcotic. Accordingly, there was substantial evidence to support the finding that Butorphanol is a narcotic.
Calfin claims that the Division acted without authority in bringing the charges because there had been no finding by the stewards of a violation. Although the stewards have the authority to conduct inquiries and, if violations are discovered, to impose penalties, such action is not a prerequisite to action by the Division under Chapter 120, Florida Statutes (1979).
Also claimed as error by Calfin is the Division's failing to submit a recommended final order as required by Section 120.57(1)(b)8, Florida Statutes (1979). This requirement applies to orders resulting from hearings conducted by hearing officers. However, when an agency head conducts a hearing as in the instant case, a recommended order is an unnecessary step in the administrative process. It would be absurd to require the agency head to submit a recommended order to himself and thus require him to accept or reject his own findings of fact.
Finally, Calfin correctly points out that under Rule 7E-4.09(3), Florida Administrative Code, she may be penalized only by denial, revocation or suspension of her license not exceeding sixty days and/or a fine not exceeding $200.00 for each violation. However, we construe the sixty-day limitation as applicable only to a suspension. The term "Revocation" implies termination without reference to a short time frame. If this were not so then use of both terms, "revocation" and "suspension" would constitute a redundancy. The term "Deny" is unrelated to any time period except that instance when something, as here an application for license, is denied. In short, we find the Division's construction to be more compatible with the statutory prescription than that advanced by Calfin.
Calfin also attacks the additional penalty imposed by the Amended Final Order denying her privileges of the grounds. Rule 7E-401(12), Florida Administrative Code, declares:
Whenever the penalty of expulsion is prescribed in these Rules, it shall be construed to mean unconditional exclusion and disqualification from any participation, either directly or indirectly, in the privileges and uses of the course and grounds of the track license.
None of the rules allegedly violated prescribe expulsion as a penalty and neither the statute nor the rules otherwise permit denial of privileges as a penalty for violation of the rules. Thus, the Division exceeded its authority in imposing this penalty.
Accordingly, we modify the penalty imposed upon Calfin to revocation of her license and a $400.00 fine. The additional penalty imposed by the Division is unauthorized and may not remain in effect.
The final order is in all other respects affirmed.
*742 AFFIRMED IN PART: MODIFIED IN PART.
DOWNEY and GLICKSTEIN, JJ., concur.