405 So.2d 255 (1981)
Fred D. McFARLIN, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, DIVISION OF PARI-MUTUEL WAGERING, Appellee.
No. 80-996.
District Court of Appeal of Florida, Third District.
October 27, 1981.
*256 Joseph M. Ryan, Pompano Beach, for appellant.
David M. Maloney, Tallahassee, for appellee.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
McFarlin appeals the order of the Division of Pari-Mutuel Wagering which: revoked his license as a horse trainer; fined him an aggregate of $400 for separate violations of the Division's rules; and declared him ineligible for ground privileges for two years.
Urine samples demonstrated that "Cypress Storm" (a horse trained by McFarlin) ran in two races at Pompano Race Track, one on November 28 and the other on December 7, 1979, under the influence of butorphanol.
McFarlin was charged with having violated Florida Administrative Code Rule 7E-4.25(12)(a) [running a horse under a prohibited substance]; Rule 7E-4.05 [the absolute insurer's rule]; as well as Rule 7E-4.25(13) [the drug-medication rule]. He contends that the cited regulations constitute an unwarranted delegation of legislative authority under Sections 550.02 and 550.24, Florida Statutes (1979). We recently decided such a contention adversely to other horse trainers. Solimena v. Department of Business Regulation, Division of Pari-Mutuel Wagering, 402 So.2d 1240 (Fla.3d DCA 1981). Accordingly, we affirm the administrative action with respect to McFarlin's revocation. Accord, Division of Pari-Mutuel Wagering, Department of Business Regulation v. Caple, 362 So.2d 1350 (Fla. 1978).
There is no merit to McFarlin's contention that the stewards' action is required to precede that of the Division. Solimena v. Department of Business Regulation, Division of Pari-Mutuel Wagering, supra; Calfin v. Department of Business Regulation, Division of Pari-Mutuel Wagering, 391 So.2d 739 (Fla.4th DCA 1980).
There are serious errors with respect to the remainder of the order imposing the fine and denying McFarlin ground privileges for two years.
McFarlin was fined an aggregate of $400 for two separate violations, ostensibly pursuant to Florida Administrative Code Rule 7E-4.09(3), which purports to authorize the levy of a fine of $200 for each separate violation. The authority for adopting the rule appears to be Section 550.02, Florida Statutes (1979). However, a simple reading of the statute fails to disclose the specific authority for the Division to levy such a fine. Moreover, the argument of the Division expressly ignores Article I, Section 18 of the Declaration of Rights of the Florida Constitution which provides:
No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.
It is apparent that insofar as Rule 7E-4.09(3) sought to levy a fine, it was beyond the purview of the agency to adopt or enforce it without specific legislative authority.[1] Consequently, that portion of the order which sought to impose a $400 fine against McFarlin is vacated.
We agree with McFarlin's contention that the agency was without authority to expel him from the grounds and consequently, that portion of the order is also vacated. Calfin v. Department of Business Regulation, Division of Pari-Mutuel Wagering, supra.
As modified, the administrative order of the Division of Pari-Mutuel Wagering revoking McFarlin's license as a horse trainer is affirmed.
NOTES
[1] We observe by the adoption of Chapter 80-270, Laws of Florida, effective October 1, 1980, codified as Section 550.241(3)(a), Florida Statutes (1980 Supp.), the Legislature has evidently clothed the Division with authority, when properly exercised, which might support the levy of a fine.