ON MOTION TO DISMISS
ORFINGER, Judge.
Appellant’s license as a real estate salesman was suspended for one year and he *49 appeals that order. Appellee, The Board of Real Estate, Department of Professional Regulation (Department), moves to dismiss the appeal as untimely. The Department contends that the notice of appeal is untimely because the order appealed from was “rendered”[1] on August 6,1981 when it was filed by the Clerk of the Department of Professional Regulation, and the notice of appeal was filed on September 14, 1981, more than thirty days[2] from rendition of the final order.
Appellant contends that the order was not final, although entitled “Final Order” because: (1) by its terms, it did not become effective until thirty days from the date of filing with the Clerk of the Department; and (2) on September 2, 1981, appellant filed objections to the order which appellant contends delayed rendition of the order for seven days from the date the objections were filed, so that the notice of appeal filed on September 14, 1981 was timely.
Proceedings involving licensing are governed by section 120.57, Florida Statutes (1979).[3] Under that statute, except where hearings are before an agency head or a member of an agency head,[4] hearings are conducted by a hearing officer who shall submit a recommended order which may be adopted by the agency as a final order. The agency must allow each party at least ten days to submit exceptions to the proposed order of the hearing officer. § 120.57(1)(b)(8), Fla.Stat. (1979). However, where a hearing is conducted by an agency head, the recommended order is an unnecessary step and the order is final when filed. Calfin v. State Dept. of Business Regulation, 391 So.2d 739 (Fla. 4th DCA 1980). In the instant case, the hearing was held and the final order entered by the Vice Chairman of the Board of Real Estate which is the appropriate agency “head.” Therefore, a recommended order was not required and the order became final as soon as filed unless appellant is correct that the order was not final until “effective.”
Appellant relies on Adams Packing Assn., Inc. v. Florida Department of Citrus, 352 So.2d 569 (Fla. 3d DCA 1977), as authority for the proposition that the order did not become final until it became “effective,” thirty days after it was filed. Adams, relying on Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1970), held that an agency rule did not become “final” until it became “effective” twenty days after it was filed, so that a petition to review the agency action filed within thirty days of the effective date was timely. The Adams court, however, apparently did not consider the decision of the Supreme Court entered approximately one month earlier in Florida Administration Commission v. District Court of Appeal, First District, 351 So.2d 712 (Fla.1977), wherein Riley-Field was disapproved, the court holding that agency action is final in rule making procedures when the rule has been adopted and filed, notwithstanding the twenty-day delay in its becoming effective. We see no reason to apply a different rule here. Thus we hold that the signed, written order became final for purposes of appeal when it was filed with the Clerk of the Department, notwithstanding the thirty-day delay in its becoming effective.
Appellant’s contention that the submission of exceptions to the order delayed rendition is without merit. Even if section 120.57(l)(b)(4) permits the filing of exceptions to a final order, as opposed to a recommended order, section 120.57(1)(b)(8) requires the agency to allow at least ten days *50 for such filing. This would require the filing within ten days unless the agency extended the time. There is nothing in the record to show that any additional time was granted, nor does appellant suggest that it was. Since the exceptions were filed twenty seven days after the rendition of the final order, even if they are authorized, the exceptions were not timely. Appellant’s position that the Board was required to answer his exceptions within seven days of filing cannot be sustained because that procedure applies only in the informal proceedings under section 120.57(2), Florida Statutes (1979), and the proceedings here were conducted as formal proceedings under subsection (1).
The motion to dismiss is granted.
Appeal DISMISSED.
COBB and SHARP, JJ., concur.

. Fla.R.App.P. 9.020(g):
Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with pri- or motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.

. Fla.R.App.P. 9.110(b).

. § 120.60, Fla.Stat. (1979).

. § 120.52(3), Fla.Stat. (1979).