SCHWARTZ, Judge.
The appellant Federman is a licensed horse trainer. He appeals from two orders of the Division of Administrative Hearings upholding the validity of rules promulgated by the Division of Pari-Mutuel Wagering and two orders of the Division itself imposing discipline upon him for violation of those rules. We affirm.
For the most part, the legal issues Feder-man raises have already been directly and recently decided against him. Solimena v. State of Florida, Department of Business Regulation, Division of Pari-Mutuel Wagering, 402 So.2d 1240 (Fla. 3d DCA 1981), review denied, 412 So.2d 470 (Fla.1982); Calfin v. State, Department of Business Regulation, 391 So.2d 739 (Fla. 4th DCA 1980); see also, Simmons v. Division of Pari-Mutuel Wagering, Department of Business Regulation, 407 So.2d 269 (Fla. 3d DCA 1981), aff’d, 412 So.2d 357 (Fla.1982).
In addition, however, he challenges the constitutional validity of a war-rantless search of his automobile while it was parked at the Pompano Park racetrack. The search, which was effected without his *29 express consent,[1] and which revealed various hypodermic needles and other contraband, was conducted pursuant to Rule 7E— 4.02(23), Florida Administrative Code.[2] We uphold the validity both of the rule and the search on the authority of the uncannily similar case of Lanchester v. Pennsylvania State Horse Racing Commission, 16 Pa. Cmwlth. 85, 325 A.2d 648 (1974). Accord, Euster v. Pennsylvania State Horse Racing Commission, 431 F.Supp. 828 (E.D.Pa.1977) (following Lanchester). The opinion in Lanchester is so exhaustive and well-reasoned that it would serve no useful purpose to do more than to express our approval.
Finally, there is no merit to the position that any of the factual findings against the appellant are not supported by substantial, competent evidence. Section 120.68(10), Fla.Stat. (1979).
Affirmed.

. See Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980), review denied, 408 So.2d 1095 (Fla.1981), and cases cited.

. The rule provides:
(23) The Florida State Racing Commission or the Steward representing the Florida State Racing Commission, investigating violations of law or the Rules of the Board, shall have the power to permit persons authorized by either of them to search the person, or enter and search the stables, rooms, vehicles and automobiles or other places within the track enclosure at which a race meeting is held, or other tracks or places where the horses eligible to race at said race meeting are kept, of all persons licensed by the Florida State Racing Commission and of all employees and agents of any race track association licensed by said Florida State Racing Commission; and of all vendors who are permitted by said race track association to sell and distribute their wares and merchandise within the race track enclosure, in order to inspect and examine the personal effects or property on such persons or kept in such automobiles, stables, rooms, vehicles, or other places as aforesaid. Each of such licensees, in accepting a license, does thereby consent to such search as aforesaid and waive and release all claims or possible actions for damages that he may have by virtue of any action taken under this rule. Each employee of a licensed race track association in accepting his employment, and each vendor who is permitted to sell and distribute his merchandise within the race track enclosure, does thereby consent to such search as aforesaid and waive and release claims or possible actions for damages as they may have by virtue of any action taken under this rule.
Under Solimena, supra, it is clear that the Division had authority to promulgate this rule.