463 So.2d 1175 (1984)
HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Florida Convalescent Centers, Inc., Appellees.
Nos. AW-192, AY-91.
District Court of Appeal of Florida, First District.
December 20, 1984.
Rehearing Denied March 14, 1985.
*1176 Jean Laramore and G. Steven Pfeiffer, of Laramore & Clark, Tallahassee, for appellant.
James M. Barclay, Tallahassee, for Dept. of Health and Rehabilitative Services, and Donna H. Stinson, of Moyle, Jones & Flanigan, Tallahassee, for Florida Convalescent Centers, Inc.
ZEHMER, Judge.
These consolidated appeals question the validity of rule 10-5.08(1)(b), Florida Administrative Code, promulgated by the Department of Health and Rehabilitative Services (Department or HRS). That rule implements the requirements in section 381.494(5), Florida Statutes (1982 Supp.),[1] and reads:
At least 30 days prior to filing an application, a letter of intent respecting the development of a proposal must be actually received by the local health council and by the Department. Letters of intent filed with the Department before July 1, 1982, will be accepted for use in conjunction with the foregoing schedule. Letters of intent filed after July 1, 1982, must indicate the batching cycle for which the applicant intends to file an application. If an application is not filed during the time period indicated in the letter of intent, the letter of intent will be considered invalid and a new letter of intent must be timely filed before an application may be filed. Because letters of intent give applicants a right of entry into the Certificate of Need process, failure to file a timely letter of intent and to have it actually received by the Department and by the local health council at least 30 days prior to the filing of an application will prevent the Department from accepting an application. Failure to timely file a letter of intent or to timely file an application will cause a delay in the Certificate of Need project until the next available review cycle.

In late February and early March 1983, the appellant, Health Care and Retirement Corporation of America (Health Care), submitted letters of intent to HRS advising that it planned to apply during the April *1177 batching cycle for certificates of need for nursing home projects in twenty-five counties in Florida, but failed to serve copies of these letters on the respective local health councils as required by the statute and the rule. Thereafter, when Health Care filed the application referred to in those letters, HRS returned the applications for failure to comply with the rule because the letters of intent had not been timely delivered by the applicant to the local health councils. In July 1983, Health Care again submitted letters of intent to HRS without furnishing copies to the affected local health councils. Once again, HRS returned the applications because Health Care failed to comply with rule 10-508(1)(b). Consequently, Health Care sought and obtained a section 120.57 administrative hearing on the refusal of HRS to consider its applications and grant or deny the certificates of need and obtained a section 120.54 hearing on the validity of rule 10-508(1)(b). Both cases were heard by the same hearing officer, but at separate times. The hearing officer upheld the validity of the rule and recommended approval of HRS's refusal to accept and consider Health Care's applications because Health Care had violated that rule. HRS adopted the recommended order. After hearing oral argument and giving lengthy consideration to appellant's contentions, we find no error in either order, and affirm.
Health Care raises two points on appeal. The first attacks the validity of HRS's final order approving its refusal to consider Health Care's applications because (1) the order is inconsistent with prior agency actions and policies and not supported by any public policy argument, and (2) the order fails to properly apply the doctrine of estoppel to prevent HRS from refusing to consider the applications. The second point contends that the hearing officer's final order upholding the rule erroneously interprets the applicable statutes and should be set aside.
Appellant's arguments are predicated primarily on the following facts. Rule 10-5.08(1)(b) became effective in July 1982. The local health councils had not been established throughout the state at that time and were not completely in operation until March 1, 1983. Accordingly, from July 1982 until March 1, 1983, HRS did not require letters of intent to be furnished to local health councils. In September 1982, Health Care, intending to file applications for certificates of need with HRS, inquired whether letters of intent must be sent to the local health councils. HRS advised Health Care that since the health councils were not fully operating at that time it was unnecessary to do so. Health Care did not inquire whether it should send copies of its March letters of intent to the local health councils.
Health Care argues that it was entitled to rely on the advice received from HRS in September that letters of intent need not be furnished to local health councils in compliance with the rule, that such practice constituted an HRS policy, and that HRS was required, therefore, to give adequate notice of a change in that policy before enforcing compliance with the rule. In any event, Health Care argues, HRS was estopped to refuse Health Care's applications in view of its prior conduct, advice, and practice of excusing compliance with the rule. These arguments are not sufficient to require reversal.
Although the rule became effective in July 1982 and imposed a legal obligation on all applicants to send copies of letters of intent to local health councils, it seems abundantly clear that HRS excused compliance with the rule in September because the health councils were not completely established and it would not require the performance of a useless act. This fact does not establish any policy of HRS to excuse compliance with the rule until further notice. Nor does this fact otherwise render the rule inoperative or invalid. An applicant seeking a certificate of need is presumed to know the applicable law. At least, such applicant is obligated to determine what is required by law to obtain such certificate. In this instance, Health Care had the duty to ascertain if letters of intent should be sent to local health councils *1178 pursuant to the rule when it initiated this procedure in March 1983. The record reflects that a number of other applicants for the April batching cycle, including appellee Florida Convalescent Centers, Inc., made appropriate inquiry of HRS and delivered copies of their respective letters of intent to the local health councils as required by the rule.
Appellant's estoppel argument is likewise lacking in merit. The finding of fact that the statements by the HRS representative to Health Care in September did not amount to an expression that compliance with the rule was excused in respect to applications for other batching cycles is amply supported by the record. Consequently, Health Care was not entitled to rely on those representations to excuse its compliance with the rule in respect to letters of intent and applications being filed for the April batching period.
Appellant attacks the order upholding validity of the rule primarily on grounds that the rule exceeds the authority delegated to HRS by section 381.494(5) and that the economic impact statement was materially deficient. We note, however, that section 381.494(5) unequivocally requires that "at least 30 days prior to filing an application, a letter of intent shall be submitted by the applicant to the local health council and the department" (emphasis added). This language is mandatory. That statute also specifies that HRS may promulgate rules to carry out the purposes and intentions of the statute. Rule 10-5.08(1)(b) simply enforces the statutory requirements by placing all persons on notice that failure to timely furnish the required letters of intent to the local health councils will cause HRS not to consider the application in respect to that particular batching cycle. As the hearing officer's order correctly points out, this rule sets forth a reasonable means of enforcing the statutory requirement which, among other available alternatives, results in the least drastic consequences to the errant applicant.
Appellant contends that the economic impact statement is insufficient because it fails to address the economic consequences to a particular applicant resulting from its failure to comply with the rule's requirement to serve letters of intent on local health councils. Section 120.54, Florida Statutes (1981), sets forth the requirements for an economic impact statement in connection with an agency's promulgation of a rule. Nothing in that statute specifically requires a determination of the economic impact of the failure to follow the rule, and we specifically decline to construe the statute as imposing such a requirement in the preparation of economic impact statements. A rule will not be declared invalid merely because the economic impact statement may not be as complete as possible; any deficiency in the statement must be so grave as to have impaired the fairness of the proceedings. Plantation Residents' Assn., Inc. v. School Board of Broward County, 424 So.2d 879 (Fla. 1st DCA 1982). The statement accompanying this rule addressed all of the statutory criteria. Appellant has failed to show any deficiency in the economic impact statement that impaired the fairness of the rulemaking proceedings in this instance.
AFFIRMED.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] Section 381.494(5) provides:

NOTICE TO THE LOCAL HEALTH COUNCIL AND THE DEPARTMENT.  The department, by rule, shall provide for applications to be submitted on a timetable or cycle basis; provide for review on a timely basis; and provide for all completed applications pertaining to similar types of services, facilities, or equipment affecting the same health service area to be considered in relation to each other no less often than four times a year. At least 30 days prior to filing an application, a letter of intent shall be submitted by the applicant to the local health council and the department respecting the development of a proposal subject to review. At the time of filing an application with the department, the applicant shall send a copy of the application to the local health council. Within 15 days after receipt of a project application, the department shall determine whether the application is complete. If the application is deemed complete by the department, the department shall request from the applicant specific information necessary for the application to be deemed complete. Subsequent to the receipt of an application, the department may make only one request for specific additional information. Upon request of the specific additional information requested, the application shall be deemed complete; and the review period shall commence on the date the requested additional information is received by the department. If an applicant does not provide the specific additional information requested by the department within 45 days of the request, the application shall be deemed withdrawn from consideration. Not later than 45 days after an application is deemed complete and the review period is initiated, if such period is not extended as hereinafter provided, the department shall issue or deny a certificate of need.