464 So.2d 204 (1985)
CONTINENTAL CONSTRUCTION CO., Appellant,
v.
BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, Appellee.
No. AZ-119.
District Court of Appeal of Florida, First District.
February 18, 1985.
*205 J. Kendrick Tucker and William L. Hyde of Akerman, Senterfitt & Eidson, Tallahassee, for appellant.
John W. Williams, Asst. Gen. Counsel, Dept. of Natural Resources, Tallahassee, for appellee.
ERVIN, Chief Judge.
Continental Construction Company (Continental) appeals from a final order of the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida (Board), assessing a penalty against Continental for the unauthorized use of sovereignty submerged lands, entered pursuant to Florida Administrative Code Rule 16Q-21.11(1)(1)2. Appellant argues that the Board's assessment of the penalty is erroneous because the Board has not been legislatively delegated the power to impose penalties; therefore the penalty is contrary to the provisions of Article I, Section 18 of the Florida Constitution, prohibiting administrative penalties in the absence of specific legislative authorization. We agree and reverse.[1]
*206 On December 6, 1977, the Board approved the use of 25,047 square feet of sovereignty submerged lands located in Blind Pass, Boca Ciega Bay, Pinellas County, for the installation of a docking facility by Barnes Mortgage Investment Trust, predecessor in interest to Continental. All of the necessary state, local, and federal agency permits were obtained for the construction of the 46 boat slips and attendant docks. Before construction of the final 17 of the original 46 slips was completed, Continental determined to build additional slips on two larger T-docks at the same location.
In June of 1979, Continental, through its engineer, filed an application with the Department of Environmental Regulation (DER) to build the two additional docks, requiring a lease of an additional 75,568 square feet of sovereignty submerged lands. Continental then applied for and received a permit from the Corps of Engineers, and a water and navigation control permit from Pinellas County. On February 12, 1980, Continental, mistakenly believing that all required documentation had been supplied for the additional docks, began construction on the T-shaped docks, thereby expanding the docking facility without the Board's prior authorization. Continental thereafter sought an after-the-fact lease expansion permit from the Board, which was granted, but the Board also assessed the sum of $32,242.24 against Continental for its unauthorized use of sovereignty submerged lands, pursuant to Rule 16Q-21.11(1)(1).
The Board's assessment, authorized by Rule 16Q-21.11(1)(1), includes:
1. Payment of retroactive lease fees;
2. Payment of an assessment computed as the number of square feet in the lease area times the lease fee per square foot at the time construction was commenced times ten; and,
3. Payment of an additional annual percentage on retroactive lease fees and on the assessment calculated under 2., computed at a rate of 12%. Such rate shall be adjusted annually to a rate equal to the two percentage points above the Federal Reserve Bank discount rate to member banks.
At issue here is the constitutionality of only the penalty assessment provision under Rule 16Q-21.11(1)(1)2. We are not confronted with, and therefore we do not address, any question of whether the Board illegally assessed retroactive lease fees. Article I, Section 18 of the Florida Constitution provides:
No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.
The Board argues that rule 16Q-21.11(1)(1)2 does not violate Article I, Section 18 of the Florida Constitution for two reasons: (1) The rule is a remedial provision designed to effect restitution and thus not a penalty proscribed by Article I, Section 18; and (2) even if rule 16Q-21.11(1)(1)2 imposes a penalty, Chapter 253, Florida Statutes provides broad authority to the Board for the exercise of such powers. We disagree on both points and find the rule violates the provision in question of the Florida Constitution.
Addressing the Board's first argument, we find that the Board has assessed against Continental the payment in part of retroactive lease fees, pursuant to rule 16Q-21.11(1)(1)1, allowing restitution to the state for the improper use of sovereign submerged lands. Clearly, that part of the Board's assessment, as authorized by rule 16Q-21.11(1)(1)2, which is computed on the basis of "the number of square feet in the lease area times the lease fee per square foot at the time construction was commenced times ten", is patently an attempt to exact a penalty for the unauthorized use of the land, above the amount exacted as a *207 retroactive lease fee, permitted by rule 16Q-21.11(1)(1)1. See Hyman v. State, Department of Business Regulation, Division of Pari-Mutuel Wagering, 431 So.2d 603 (Fla. 3d DCA 1983). Similarly, that portion of rule 16Q-21.11(1)(1)3, providing for the payment of an additional annual percentage "on the assessment calculated under 2" must additionally be considered a penalty and declared invalid.
We disagree also with the Board's argument that chapter 253 grants to it the power to impose a penalty for the unauthorized use of state lands. Section 253.04, Florida Statutes (1983), provides that "The Board of Trustees of the Internal Improvement Trust Fund may police, protect, conserve, improve; ... or take such other action or do such other things as may in the judgment of the board be necessary for the full protection and conservation of the said lands." (emphasis supplied) Although chapter 253 provides the Board with general, broad powers to protect and conserve the sovereignty lands, Article I, Section 18 of the Florida Constitution prohibits administrative agencies from imposing any form of penalty "without specific legislative authority." (e.s.) McFarlin v. State, Department of Business Regulation, Division of Pari-Mutuel Wagering, 405 So.2d 255, 256 (Fla. 3d DCA 1981). Finding no specific or express legislative authority for the Board to impose an assessment under the "penalty" provisions of rule 16Q-21.11(1)(1)2, or that portion of subsection 3, as above stated, we conclude that the above referred provisions of the rule violate Article I, Section 18 of the Florida Constitution.
The Board of Trustees' order is reversed and the cause is remanded with directions that the Board delete from the total assessment imposed that portion which can be attributed to the illegal exaction of a penalty.
MILLS and ZEHMER, JJ., concur.
NOTES
[1] Continental also argues that the Board erred in retroactively applying the penalty provisions of Florida Administrative Code Rule 16Q-21.11(1)(1)2, contrary to the express provisions of Florida Administrative Code Rule 16Q-21.02(2). Because we find Florida Administrative Code Rule 16Q-21.11(1)(1)2 unconstitutional, we need not address that issue. We also note that the issue of whether the Board erred in retroactively applying the provisions of Florida Administrative Code Rule 16Q-21.11(1)(1)1 and 16Q-21.11(1)(1)3, contrary to the express provisions of Florida Administrative Code Rule 16Q-21.02(2) is not before this court.