# FLORIDA LEAGUE OF CITIES, et al. v DEPARTMENT OF INSURANCE AND TREASURER, et al.

## Case Nos. 86-4722R and 86-4723R

State of Florida, Division of Administrative Hearings

February 19, 1987

## APPEARANCES OF COUNSEL

**James R. Wolf** for petitioner Florida League of Cities.

**Laura Bamond** for petitioner City of St. Petersburg.

**Gabriel Mazzeo** for respondent Department of Insurance and Treasurer.

**Charles A. Salerno** for respondent Florida State Lodge, Fraternal Order of Police.

## OPINION

DONALD D. CONN, Hearing Officer.

### FINAL ORDER

Pursuant to notice and stipulation, the final hearing in this case was held on January 12, 1987, in Tallahassee, Florida, before Donald D. Conn, a duly designated Hearing Officer of the Division of Administrative Hearings. The issue in this case is whether proposed rule amendments to Chapters 4-14 and 4-54, *Florida Administrative Code,* should be declared an invalid exercise of delegated legislative authority, pursuant to Section 120.54(4), *Florida Statutes.*

At the hearing the parties filed two stipulations, which were accepted, and the City of St. Petersburg moved for official recognition of Chapter 112, Part VII, *Florida Statutes,* which was granted. In addition, a supplemental motion to amend the petition, filed by the Florida League of Cities on January 6, 1987, was granted. Eight joint exhibits were received in evidence, and the Florida League of Cities (League), the City of St. Petersburg (City), and the Department of Insurance and Treasurer (Department) each introduced one additional exhibit. The Florida State Lodge, Fraternal Order of Police (FOP), did not introduce any exhibits. The League called John J. Fenstermaker, Ph. D., who was accepted as an expert in English grammar and sentence structure, and James Freeman, who was accepted as an expert in actuarial assumptions and municipal pension plans, to testify. The City called its Director of Employee Relations, Andrew Houston, to testify, and he was accepted as an expert in the administration of the St. Petersburg firefighter and police pension plans. Respondents did not call any witnesses.

The transcript of the hearing was filed on January 22, 1987, and the parties were allowed to file proposed findings of fact, conclusions of law and memoranda on or before February 3, 1987, pursuant to stipulation. A ruling on each timely filed proposed finding of fact is included in the Appendix to this Final Order.

### FINDINGS OF FACT

The following findings of fact are based upon stipulations entered into and adopted by the parties on December 15, 1986, January 9, 1987, and January 12, 1987, which were confirmed by all parties at the final hearing:

222

1. The League is a wholly owned instrumentality of its member cities. The League is charged in its bylaws to work for the general improvement of municipal government and its effective administration in this state. Further, it is charged with representing its membership on statewide issues affecting municipal government.

2. The City is a municipal corporation organized and existing under the laws of the State of Florida. The City has five (5) "local law" municipal retirement funds, including three (3) police plans and two (2) firefighter plans, all of which receive excise tax revenue from the tax fund established in Chapters 175 and 185, *Florida Statutes.*

3. The Department has responsibility for administering Chapters 175 and 185, *Florida Statutes* (1986).

4. On November 7, 1986, the Department published notice in the *Florida Administrative Weekly* of its intent to adopt rules to implement Chapters 175 and 185, *Florida Statutes,* pertaining to municipal firefighter and police pension funds and to provide for interpretations, standards, applications, enforcement and administration thereof.

5. The published notice stated there would be a public hearing on December 2, 1986, and the public hearing was held on that date.

6. On November 26, 1986, the League filed its petition for administrative determination of the invalidity of certain of the proposed rules.

7. The League represents over 390 cities throughout the State of Florida. As part of their municipal administration, many of these cities maintain firefighter pension funds that receive premium tax pursuant to Chapter 175, *Florida Statutes,* and police officer pension funds that receive premium tax pursuant to Chapter 185. A number of these cities maintain "local law plans" as defined by proposed rules 4-14.028 and 4-54.019; a number of the League's member cities maintain "chapter plans" as defined by the same proposed rules. Such plans are required by the proposed rules to meet certain standards which affect the cities' responsibilities in relation to said plans. Thus, the League, which is required to work for the effective administration of municipal government, is substantially affected by the proposed rules.

8. The City is a substantially affected party pursuant to Section 120.54(4)(a), (d), *Florida Statutes.*

9. All cities operating pension plans which receive funds pursuant to Chapter 175 and Chapter 185 have a duty to adequately fund said plans annually to meet the normal costs of the plan as well as fund any actuarial deficiency over a 40 year period.

10. A number of local law plans presently have procedures and

provisions which vary from the procedures and provisions in those sections of Chapters 175 and 185 which are addressed by proposed rules 4-54.024, 4-54.035, 4-54.036, 4-54.037, 4-54.039, 4-54.040, 4-54.041, 4-54.044 and 4-54.047.

11. The Department has copies of all pensions plans which receive funds pursuant to Chapters 175 and 185 in their possession.

12. Case No. 86-4722R involves a challenge to certain proposed rule amendments to Chapter 4-54, *Florida Administrative Code.*

13. Case No. 86-4723R involves a challenge to certain proposed rule amendments to Chapter 4-14, *Florida Administrative Code.*

14. Many of the proposed rule amendments to Chapters 4-14 and 4-54, *Florida Administrative Code,* which are being challenged are substantially similar.

15. The statutory authority relied on for corresponding, similar proposed rule amendments in Chapters 4-14 and 4-54 are substantially similar, and the legal issues involves in the challenge to those corresponding proposed rules are identical.

16. As a result of the public hearing held by the Department on December 2, 1986, the Department has agreed and stipulated to modify and/or withdraw certain proposed amendments to Chapter 4-54 which follow, as well as corresponding proposed amendments to Chapter 4-14, and in consideration thereof the Petitioners have agreed to withdraw their objections thereto:

(a) 4-54.018 Scope. These rules apply to all municipal firefighters in this State *who participate in a pension fund which receives money* from the premium tax provided for in ss. 175.101-175.131, *Florida Statutes,* as well as all municipal firefighter pension boards and municipalities having a municipal firefighter pension fund or system which receives state excise tax revenue from the tax fund established in Chapter 175, *Florida Statutes,* except as otherwise provided herein.

(b) The Department shall withdraw subsections (2) and (3) and renumber subsection (4) of proposed rule 4-54.023.

(c) The Department shall withdraw subsection (8) and renumber subsections (9), (10), and (11) of proposed rule 4-54.031.

(e) The League agrees to withdraw its challenge to proposed rule 4-54.032, but said withdrawal shall not prejudice its right to later challenge said rule pursuant to Sec. 120.56, *Florida Statutes.* The City did not object to this proposed rule.

224

(f) The Department shall amend subsection (2)(a) of proposed rule 4-54.024, *Florida Administrative Code,* to read:

4-54.024(2) A "professionally qualified consultant means a consultant who meets the following minimum criteria:

(a) he must offer his services on a "hard dollar" or flat fee as opposed to *or in addition to* a commission type basis.

(g) The League shall withdraw its objections to proposed rule 4-54.038. The City did not object to this proposed rule.

(h) 4-54.020 Minimum Standards

(1) Except as otherwise provided herein and Chapter 175, *Florida Statutes,* Chapter 175, excluding Section 175.351, *Florida Statutes,* provides minimum standards for (a) all chapter funds. and (b) for all local law funds established on or after October 1, 1986.

(2) Except as otherwise herein and in Chapter 175, *Florida Statutes,* Section 175.351, *Florida Statutes,* provides minimum standards for all local law funds. established prior to October 4, 1986.

(i) 4-54.029(4) The Department of Insurance shall withhold distribution of Chapter 175 tax revenues as allocated to a Chapter Fund or Local Law Fund which is not in compliance with the applicable requirements of Chapter 175 or Section 175.351. or these rules.

17. The application of Sections 175.071(5), 175.121, 175.162, 175.171, 175.181, 175.191, 175.231, 175.251, 175.261 and 175.33, *Florida Statutes,* will have an economic impact as defined in Section 120.54, *Florida Statutes,* (actuarial or administrative costs) on a number of local law municipal pension funds and those municipalities (including the City) that are not presently complying with these sections. The impact of these applications is ascertainable within an identifiable range. The issue of whether these statutory sections, and resulting economic impact, are made applicable to these funds by the provisions of Chapter 175, *Florida Statutes,* or by the proposed changes to Chapter 4-54, *Florida Administrative Code,* is not resolved by stipulation or agreement of the parties.

During the hearing and also subsequent thereto, the parties further stipulated that:

18. There is a difference in benefits available under the City's pension plans for firefighters enacted by special act and ordinance, and benefits available under a Chapter 175, *Florida Statutes,* plan.

19. In their respective proposed final orders, Petitioners have listed the proposed rules which remain at issue, following stipulations and

**225**

voluntary dismissals. (See League proposed finding of fact 23 and City proposed conclusions of law 4.) Proposed rules at issue are:

| Rule Chapter 4-54 | Rule Chapter 4-14 |
|---|---|
| 4-54.024(3) | 4-14.033(3) |
| 4-54.027 | 4-14.036 |
| 4-54.029(2) | 4-14.037(2) |
| 4-54.033(2) | 4-14.040(2) |
| 4-54.034 | 4-14.041 |
| 4-54.035 | None |
| 4-54.036 | 4-14.042 |
| 4-54.037 | 4-14.043 |
| 4-54.039 | 4-14.045 |
| 4-54.040 | 4-14.046 |
| 4-54.041 | 4-14.047 |
| 4-54.045 | 4-14.051 |
| 4-54.047 | None |
| 4-54.048(3)(5)(6)(7)(10) | 4-14.053(3)(5)(6)(7)(10) |
| 4-54.049 | 4-14.054 |

The following findings of fact are based upon the evidence presented at final hearing:

20. Based on the testimony of Dr. John J. Fenstermaker, who was accepted as an expert in English grammar and sentence structure, the phrase "approved by a majority of the firefighters" found in Section 175.351(13), *Florida Statutes,* modifies the nouns "board of trustees of the pension fund" and "official pension committee", instead of the verb in the sentence. However, the phrase does not mean that a majority of firefighters must approve the membership of the board of trustees or official pension committee. Rather, it means that a majority must approve action by the board of trustees or committee relative to the placement or use of certain income. A reasonable construction of the statute is that majority approval is required for the board of trustees or committee to act, but not that the make-up or membership of these bodies must be approved each time they propose to place or use certain income from the premium tax referred to in said statute.

21. Proposed rule 4-54.049(7), *Florida Administrative Code,* is therefore authorized by, consistent with, and implements Section 175.351(3), *Florida Statutes.*

22. The City's firefighter and law enforcement pension plans have received distributions of state premium tax funds pursuant to Chapters 175 and 185, *Florida Statutes,* for the last five years. The provisions of the City's local plans are very similar. Actuarial valuations of the

City's firefighter and law enforcement pension plans are performed by the City's actuary as required by Chapter 112, Part VII, *Florida Statutes.*

23. The City's local pension plan for firefighters does not presently apply or conform to the requirements of: Section 175.071(5), *Florida Statutes,* which requires the board of trustees to retain an independent consultant professionally qualified to evaluate the performance of professional money managers at least once every three years; Section 175.171, *Florida Statutes,* which deals with optional forms of retirement income; Section 175.181, *Florida Statutes,* which concerns the designation of beneficiaries; Section 175.191, *Florida Statutes,* dealing with disability benefits; and Section 175.261, *Florida Statutes,* regarding reports to Respondent.

24. The Department promulgated an Economic Impact Statement in connection with the proposed rules in Chapter 4-54 which states, in pertinent part, that:

> Pursuant to Section 120.54(2), *Florida Statutes,* the State of Florida, Department of Insurance has considered the economic impact associated with the implementation of proposed Rule Chapter 4-54 which relates to municipal firefighters' pension funds. Chapter 175, *Florida Statutes,* was amended by Chapter 86-41, *Laws of Florida,* generally effective on October 1, 1986 with some exceptions. The amendments of Chapter 175, *Florida Statutes,* contained in Chapter 86-41, *Laws of Florida,* had and will have an economic impact upon the Department, the municipalities receiving state excise tax funds provided for in Chapter 175, *Florida Statutes,* and the firefighters' pension boards of trustees and pension funds. That economic impact was addressed fully in the legislation and enactment of Chapter 86-41, *Laws of Florida.* These rules, which augment, interpret, and provide for definitions, application and enforcement of Chapter 175, *Florida Statutes,* as amended by Chapter 86-41, *Laws of Florida,* will have no additional impact or nominal additional impact on those entities affected by Chapter 86-41, *Laws of Florida.*

> . . . . . . . . . . .

> *2. An Estimate of the Cost or Economic Benefit to all Persons Directly Affected by the Proposed Action.*

> a. *Insurance Companies:* None.

> b. *Insurance Agents:* None.

> c. *General Public:* None.

> d. *Municipalities:* None, except for minor interest cost if a violation of 175.131, *Florida Statutes* occurs.

e. *Firefighter Pension Boards:* None.

. . . . . . . . . . .

5. *A statement of the Data and Methods Used in Making Each of the Above Estimates.*

(a) *METHODOLOGY*

Costs and benefits of the proposed rule are estimated on marginal basis, i.e., additional costs or benefits over and above those associated with normal operations of the affected entity. The relevant costs or benefits to any economic impact are the net additions associated with implementation of the action.

(b) *DATA*

The data used in calculating costs and benefits are derived from Departmental experience and statistics. The estimated cost to the agency for implementing the proposed changes was made by responsible agency staff personnel.

The Department's Economic Impact Statement for proposed rule Chapter 4-14 is substantially similar to the above.

25. It is clear from the Notice published by the Department, as well as its Economic Impact Statement, that the proposed rules which are here at issue implement Chapters 175 and 185, as amended by Chapters 86-41 and 86-42, *Laws of Florida,* respectively.

### CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties and subject matter in this case pursuant to Section 120.54(4), *Florida Statutes.*

The parties stipulated that this case would be presented concerning Petitioners' challenge to proposed rule Chapter 4-54, *Florida Administrative Code,* only. Therefore, no evidence was presented concerning the challenge to proposed rule Chapter 4-14. However, the Department has stipulated that insofar as any provision of Chapter 4-54 is determined to be invalid, corresponding provisions in Chapter 4-14 which are based upon statutory provisions similar to those in Chapter 175, *Florida Statutes,* will also be considered by the Department to be invalid, and the Department would therefore not proceed with their adoption.

The Department has broad rulemaking authority concerning municipal firefighter pension trust funds and pursuant to Section 175.341, *Florida Statutes,* "shall establish rules and regulations pertaining to the operation of this fund." See also Section 185.23, *Florida Statutes.* In

228

carrying out this responsibility, the Department argues persuasively that it was guided by Section 175.021, as amended by Section 1, Chapter 86-41, *Laws of Florida:*

> . . . the Legislature declares that it is a proper and legitimate state purpose to provide a uniform retirement system for the benefit of firefighters as hereinafter defined, *and intends, in implementing the provisions of s. 14, Art. X of the State Constitution as they relate to municipal firefighters' pension trust fund systems and plans, that such retirement systems or plans be managed, administered, operated, and funded in such manner as to maximize the protection of the firefighters' pension trust funds. This chapter hereby establishes minimum standards for the operation and funding of municipal firefighters' pension trust fund systems and plans.* (Emphasis Supplied.)

See also Section 185.01, as amended by Section 1, Chapter 86-42, *Laws of Florida.* Under the Department's interpretation, any local law plan that receives state excise tax premium revenue provided in Sections 175.101 or 185.08, *Florida Statutes,* must be managed, administered, operated and funded in a manner that will maximize the protection of those funds, and must also meet certain minimum in standards Chapter 175 for the operation and funding of the pension funds.

Specifically, the Department argues that the following tests be applied to determine whether a particular provision of Chapter 175 governs local law plans:

(1) Determine if Section 175.321, *Florida Statutes,* by its own terms makes a particular provision applicable to local law plans. If it does, then that provision can be applied by statute or rule to local law plans.

(2) Determine if the particular statutory provision in question, by its own terms, states its application to local law plans. If it does, it can be applied by statute or rule to local law plans.

(3) Determine if a particular statutory provision sets forth a "minimum standard" for local law plans in their operation, management, administration and funding as prescribed by Article X, Section 14, Florida Constitution, and if so determine further if such minimum standard conflicts with any other minimum standard in Chapter 175 prior to passage of Chapter 86-41, *Laws of Florida.* If the provision does set forth such a minimum standard, and further if that standard does not conflict with any prior standard in Chapter 175, the provision can be applied by statute or rule to local law plans.

Petitioners do not appear to contest the Department's authority to

implement particular statutory provisions by rules which are applicable to local law plans under either tests (1) or (2), above. They do, however, argue that the Department has exceeded its authority in the application of test (3), above, when it purports to apply certain proposed rules to local law plans based upon its reliance on Section 175.021, *Florida Statutes,* as amended by Chapter 86-41, and its determination that no conflict exists between the statutory provision sought to be applied by rule to local law plans and statutory provisions existing prior to Chapter 86-41.

As recently reiterated in *Austin v. Department of Health and Rehabilitative Services,* 495 So.2d 777 (Fla. 1st DCA 1986):

> . . . agencies are given wide discretion in the exercise of their lawful rulemaking authority. "An agency's construction of a statute is entitled to great weight and is not to be overturned unless clearly erroneous." *Department of Professional Regulation, Board of Medical Examiners v. Durrani,* 455 So.2d 515, 517 (Fla. 1st DCA 1984). This court in *Agrico Chemical Co. v. Department of Environmental Regulation,* 365 So.2d 759, 763 (Fla. 1st DCA 1978), cert. den. sub nom., *Askew v. Agrico Chemical Co.,* 376 So.2d 74 (Fla. 1979), stated that a court must uphold the validity of a proposed rule, if the rule is reasonably related to the purpose of the enabling legislation, and is not arbitrary and capricious. The burden is on one who attacks a rule to show that the rule exceeds its statutory delegated authority. The person attacking the rule must show also that the rule is arbitrary and capricious by a preponderance of evidence. Id.

See also *General Telephone Company of Florida, et al. v. Florida Public Service Commission,* 446 So.2d 1063 (Fla. 1984) and *Florida Waterworks Association v. Florida Public Service Commission,* 473 So.2d 237 (Fla. 1st DCA 1985).

Petitioners bear the burden in this case, and therefore must establish that the proposed rules exceed the Department's delegated statutory authority, are not reasonably related to the enabling legislation and the intent of the legislature as expressed therein, or that the Department has acted arbitrarily or capriciously in the interpretation and application of Chapter 175, *Florida Statutes,* as amended by Chapter 86-41, *Laws of Florida.*

The three tests set forth above represent the Department's interpretation, construction and application of its own statutes, and are consistent with the general rules of statutory construction. See 49 *Fla. Jur.2d* Sections 109-202. Amendments to statutes, as well as their legislative history, must be considered when interpreting or applying any statute.

*Clara P. Diamond, Inc. v. TamBay Realty, Inc.,* 462 So.2d 1168 (Fla. 2d DCA 1984); *State ex rel. Finlayson v. Amos,* 79 So. 433 (Fla. 1918). Statutes relating to the same subject matter or class of persons, as here, must be read *in pari materia. Davies v. Bossert,* 449 So.2d 418 (Fla. 3d DCA 1984); *State ex rel. McClure v. Sullivan,* 43 So.2d 438 (Fla. 1949). The contemporaneous construction by rule of a newly enacted statute by the agency responsible for its implementation is also given deference on review of such construction or interpretation. *Andrews v. Borden Co.,* 143 So.2d 556 (Fla. 2d DCA 1962). The rules being challenged herein represent the Department's contemporaneous construction of legislative amendments to Chapters 175 and 185 which it is charged to implement, and which relate to the same subject matter, local law pension plans for firefighters and law enforcement officers. As found above in Finding of Fact 25, the proposed rules at issue implement Chapters 175 and 185, as amended in 1986, and therefore we must look to these statutory provisions, as amended, for authority for these contemporaneous rules.

The City has recognized that if a provision of Chapter 175 or 185 applies to local law plans, and said provision conflicts with a municipality's local law provision, the conflicting local provision must be stricken. *Board of Trustees of the City of Dunedin v. Dulje,* 453 So.2d 177 (Fla. 2d DCA 1984). State statutes take precedence over local ordinances dealing with the same subject matter when conflict arises. *City of Casselberry v. Orange County Policy Benevolent Association,* 482 So.2d 336 (Fla. 1986). Therefore, if the Department's contemporaneous construction of its statutes, as set forth in these proposed rules, is reasonable, within legislatively delegated authority, and also is not shown to be arbitrary or capricious, it must be upheld notwithstanding resulting conflicts between said statutes and implementing rules, and local ordinances.

As more particularly set forth below, it is concluded that Petitioners have not sustained their burden of proof in this case. It has not been shown that the Department's interpretation of its own statutes is unreasonable, arbitrary or capricious, or that these rules are beyond the Department's delegated legislative authority. Simply because a number of local law plans have provisions which may vary from provisions of Chapters 175 and 185, that the application of those provisions will have an economic impact on some local law plans, and there is a difference in benefits under a local law plan and benefits available under a Chapter 175 or 185 plan, does not establish that the rules here at issue are an invalid exercise of delegated legislative authority for purposes of Section 120.54(4), *Florida Statutes.*

The primary thrust of Petitioners' challenge is asserted regarding proposed rules 4-54.024(3), 4-54.034, 4-54.035, 4-54.036, 4-54.037, 4-54.039, 4-54.040, 4-54.041, 4-54.045(2) and (4), 4-54.047, 4-54.048(6) and 4-54.049, *Florida Administrative Code,* and similar proposed rules found in Chapter 4-14. Specifically, Petitioners urge that the Department exceeded its delegated authority by applying provisions of Chapters 175 and 185, *Florida Statutes,* to local law plans. The Department contends that, under test (3) above, these proposed rules apply "minimum standards" set forth in Chapters 175 and 185 to local law plans in a manner consistent with, and necessary for the implementation of the intent of the Legislature as stated in Chapters 86-41 and 86-42, *Laws of Florida.* See Sections 175.021 and 185.01, *Florida Statutes* (1986 Supplement).

The Department's construction of Sections 175.021 and 185.01, as amended, has not been shown to be unreasonable. To the contrary, these contemporaneous rules appear to be reasonable and necessary in order for the Department to carry out its responsibility of insuring, through the application of statutory minimum standards, that local plans are managed, administered, operated and funded in such a manner as to maximize protection of pension trust funds. For example, Sections 175.171, 175.181, 175.191 and 175.231, *Florida Statutes,* upon which these proposed rules are based in part, establish minimum standards which clarify and define Section 175.351(1), and are thereby applicable to both chapter and local law funds. Section 175.352 is not the only statutory provision applicable to local law funds, as is made clear by Section 175.021, as amended by Chapter 86-42, *Laws of Florida.* as well as existing Section 175.321, *Florida Statutes.* The application of these, and other, statutory minimum standards maximizes protection of these funds, according to the Department, and the Petitioners have not shown otherwise. There has also been no showing that these proposed rules are in any way arbitrary or capricious.

Where, as here, an agency construes the statute in its charge in a permissible way, that interpretation must be sustained though another may be possible or even, in view of some, preferable. *State, Department of Health and Rehabilitative Services v. Framat Realty, Inc.,* 407 So.2d 238, 241 (Fla. 1st DCA 1981); *Pan American World Airways, Inc. v. Florida Public Service Commission and Florida Power and Light Co.,* 427 So.2d 716, 719 (Fla. 1983). The Petitioners have failed to show that the Department's interpretative proposed rules are clearly erroneous or unauthorized. See, *Department of Revenue v. Skop,* 383 So.2d 678 (Fla. 5th DCA 1980); *ABC Liquors, Inc. v. Department of Business Regulation,* 397 So.2d 696, 697 (Fla. 1st DCA 1981).

232

Proposed rule 4-54.027 is challenged on the basis that Chapter 175, *Florida Statutes,* does not give the Department the power to forfeit state premium taxes due a municipality directly, or indirectly through an enforcement action, when it determines that the municipality is not in compliance with Chapter 175. The League argues this would be an authorized administrative penalty in violation of Article I, Section 18, Florida Constitution. The rule as proposed provides for an administrative forfeiture of funds, although the Department in its memorandum of law and proposed final order states its intention to pursue certain modifications of the proposed rule. There has been no stipulation of the parties as to said modifications, and in fact the City in its proposed final order contests the modification as well as the rule as proposed.

While the Department can certainly withdraw a proposed rule and thereby render a challenge moot, and can also stipulate with a challenging party to make certain changes, on the basis of which the challenge is voluntarily dismissed, the Department cannot unilaterally propose a change and thereby avoid a rule challenge. Rule 4-54.027, as proposed, is under review in this proceeding, and in pertinent part provides:

If the requirements of Chapter 175 or Section 175.351 are not satisfied during the calendar year, tax revenues collected as to that year *shall be forfeited by the municipality and shall not be available for distribution.* (Emphasis Supplied.)

No specific statutory authority exists for the Department to impose the penalty of an administrative forfeiture of funds, and as such proposed rule 4-54.027 is violative of Article I, Section 18, and is therefore found to be invalid. See Section 120.54(15), *Florida Statutes,* and *Department of Environmental Regulation v. Leon County,* 344 So.2d 297 (Fla. 1st DCA 1977). It is well recognized that administrative fines and assessments may not be imposed absent a clear expression of authority from the Legislature. *McFarlain v. Department of Business Regulation,* 405 So.2d 255 (Fla. 3d DCA 1971); *Continental Construction Co. v. Board of Trustees of Internal Improvement Trust Fund,* 464 So.2d 204 (Fla. 1st DCA 1985). Additionally, proposed rule 4-54.027 establishes a compliance procedure in conflict with Section 175.121(2), *Florida Statutes,* and as such is invalid since it exceeds the Department's delegated authority.

The challenge to proposed rules 4-54.029(2) and 4-54.048(3) is based upon Petitioners' position that the Department of Administration, not the Department of Insurance, has the authority to review actuarial valuations and reasonableness of assumptions. Section 112.63(4), *Flor-*

*ida Statutes.* However, the Department of Administration's authority is supplemental and not exclusive. Section 112.62, *Florida Statutes.* The Department of Insurance clearly is authorized to insure compliance with subsections 1 through 12 of Section 175.351, pursuant to subsection 13, and this includes the requirement of actuarial soundness found in subsections 9 and 10. In addition Section 175.261(2), *Florida Statutes,* references the report of information to the Department which "it needs to complete an actuarial valuation of each fund."

It is apparent that the Legislature intended that the Department review the financial condition and actuarial soundness of both chapter and local law funds. To interpret Sections 175.261 and 175.351 otherwise would be to render them meaningless, and statutes should be construed in a manner that avoids a meaningless result. *Neu v. Miami Herald Publishing CO.,* 462 So.2d 821 (Fla. 1985). The rules as proposed have therefore not been shown to be invalid.

The League has challenged proposed rule 4-54.033(2) as an illegal contravention of Section 175.152, *Florida Statutes,* which requires a 1% contribution from all plan members. The proposed rule provides:

> If a firefighter contributes 1 percent of salary or more to a general pension plan, that contribution shall meet the member contribution of 1 percent required by Section 175.152, *Florida Statutes.*

All firefighters must contribute at least 1% of salary and such funds shall be deposited in accordance with Section 175.301. As amended by Chapter 86-41, *Laws of Florida,* Section 175.301 allows deposit of such funds in either a separate fund clearly identified as funds of the municipal firefighters' pension trust fund, or in a qualified public depository, as defined in Section 280.02(5), *Florida Statutes.* The proposed rule maintains the required 1 percent member contribution but allows it to be applied toward a general pension plan. This does not contravene Section 175.301, as amended, as long as general pension plan funds are maintained in a qualified public depository. Under this condition, proposed rule 4-54.033(2) is a valid exercise of delegated authority and there has been no showing that it is unreasonable, arbitrary or capricious.

The League challenges proposed rule 4-54.048(5) as contrary to Article I, Section 6, Florida Constitution, and asserts that it denies or abridges the right of employees to collectively bargain. The City argues this proposed rule is unclear and irrelevant. The proposal sets forth a definition of "extra benefits" as used in Section 175.351(3), *Florida Statutes,* to mean:

> . . . benefits in addition to or greater than those provided to other

234

municipal employees. Early retirement at a reduced pension is not an "extra benefit" within the intent of the statute.

The Department seeks to define by rule a term used within a statutory framework that it is charged to administer and implement, and as such great deference should be given to the Department's application of its expertise in defining such statutory terms. *San Souci v. Florida Division of Land Sales,* 421 So.2d 623, 626, (Fla. 1st DCA 1982). The Department's interpretation is reasonable and within 'its delegated authority. There has been no showing that this proposal violates constitutional provisions or should be found to be invalid on any basis.

As set forth in Findings of Fact 20 and 21, the evidence presented by Petitioners does not support their challenge to proposed rule 4-54.048(7). The Department's construction of its own statute is reasonable and is consistent with the interpretation of Dr. Fenstermaker. Therefore, there is no support for Petitioners' challenge to this proposed rule in the record of this proceeding.

The League asserts the invalidity of proposed rule 4-54.048(10) which states:

Under no circumstances shall the percent of representatives elected by firefighters be less than 40% of the entire board of trustees.

The League's challenge to this proposal is acknowledged by the Department on page 3 of its Proposed Final Order. Basically the League's position is that while firefighters must comprise 40% of the board under Section 175.351(15)(a)1., *Florida Statutes,* there is no such requirement under subparagraphs 2 through 4, and therefore this proposed rule exceeds the Department's statutory authority by conflicting with subparagraphs 2 through 4.

However subsection 1 of proposed rule 4-54.048 specifically recognizes the applicability of the entire Section 175.351 to all local law funds. These provisions must be considered *in pari materia* and must be interpreted to avoid any conflicts or meaningless results. Therefore proposed rule 4-54.048(10) is interpreted to apply solely to the membership of boards addressed in Section 175.351(15)(a)1 and the remaining subparagraphs 2 through 4 shall be applicable to local law funds under the circumstances set forth therein in accordance with proposed rule 4-45.048(1). The distinction between the membership requirements of firefighter pension fund boards and joint or mixed funds boards is further recognized in Section 175.351(15)(b).

Under this interpretation, proposed rule 4-54.048(10) does not conflict with Section 175.351(15)(a) and is consistent with another subsec-

tion of the same rule, specifically 4-54.048(1). Petitioners have not established the invalidity of this proposed rule when read *in pari materia* with relevant statutory and rule provisions.

Finally, Petitioners assert that these rules should be declared invalid due to an improper and insufficient Economic Impact Statement. There is no evidence that the Department's Statement was misleading, inaccurate or in any way impaired the fairness of the proceeding, and as such, any error that the Department may have committed was harmless. Administrative rules will not be declared invalid due to harmless error in the preparation of an Economic Impact Statement. *Plantation Residents Association, Inc. v. School Board of Broward County*, 424 So.2d 879 (Fla. 1st DCA 1982); *School Board of Broward County v. Gramith*, 375 So.2d 340 (Fla. 1st DCA 1979).

An agency is not required to calculate the exact impact which its proposed rules will have on certain people, and it will not be faulted for failing to make estimates based upon unknown variables. *Department of Natural Resources v. Sailfish Club of Florida, Inc.*, 473 So.2d 261 (Fla. 1st DCA 1985). Agencies are not required to address the impact of their rules on particular persons, applicants or licensees, nor are they required to exhaust every degree of completeness in the preparation of an Economic Impact Statement. *Health Care and Retirement Corporation of America v. Department of Health and Rehabilitative Services*, 463 So.2d 1175 (Fla. 1st DCA 1984).

Petitioners assert that the rules in question will have a substantial impact on them. The Department asserts that the impact results, if at all, from the statute itself, as amended in 1986, and not from the proposed rules. In any event, Petitioners have not shown that the Economic Impact Statement prepared by the Department was in any way insufficient, erroneous, impaired the fairness of the proceeding, or that the impact upon them, if any, results separately from the proposed rules here at issue and not from their underlying statutes.

All additional bases asserted by Petitioners for the invalidity of the challenged rules have been considered and found to be without merit. The Petitioners have failed to establish the invalidity of the proposed rules here at issue, with the exception of proposed rule 4-54.027 and its corresponding rule 4-14.036.

Accordingly it is:

ORDERED that the Petitioners' Challenge to the Department's proposed amendments to Rule Chapters 4-54 and 4-14, *Florida Administrative Code*, is hereby DISMISSED and the relief sought therein is

DENIED, with the exception of their challenge to proposed rules 4-54.027 and 4-14.036 which are hereby determined to be invalid for the reasons set forth above.

DONE AND ORDERED this 19th day of February, 1987 in Tallahassee, Florida.